IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br><br>and<br><br>JANE ROE,<br>      Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>and<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, INC.,<br><br>and<br><br>ELRY MCKNIGHT,<br><br>and<br><br>JOHN GANT,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AS
"JANE DOE" AND "JANE ROE"**

Plaintiffs hereby move for an Order permitting them to waive the requirements of Fed. R. Civ. P. 10(a) and Local Civil Rules 5.1(e)(1) and 11.1 and to proceed as "Jane Doe" and "Jane Roe," respectively, in all filings in this case. As demonstrated by the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference, the Plaintiffs are alleging in this case that they each were sexually assaulted by correctional officers at the

Correctional Treatment Facility (CTF). Each will suffer further humiliation, embarrassment, derision in the community, and possibly physical danger, if her true identity is released to the public. Further, Defendants will not be prejudiced if Plaintiffs are permitted to proceed as "Jane Doe" and "Jane Roe" because they will disclose their true names to all parties in the litigation upon entry of the proposed Protective Order that is being filed concurrently with this Motion.

Accordingly, the Court should grant Plaintiffs' Motion and should allow them to proceed under pseudonym as "Jane Doe" and "Jane Roe" in this case.

DATED: December 12, 2006              Respectfully submitted,

*Ashley McDonald*
Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
    and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE | ) |
| and | ) |
| JANE ROE, | ) |
| Plaintiffs, | ) |
| v. | ) |
| DISTRICT OF COLUMBIA, | ) |
| and | ) |
| CORRECTIONS CORPORATION OF AMERICA, INC., | ) |
| and | ) |
| ELRY MCKNIGHT, | ) |
| and | ) |
| JOHN GANT, | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AS "JANE DOE" AND "JANE ROE"**

Plaintiffs respectfully move for an Order permitting them to proceed under pseudonym in all filings in this case. The Plaintiffs are residents of the District of Columbia metropolitan area and allege in a complaint being filed today that they were each sexually assaulted by correctional officers while in custody of the Correctional Treatment Facility in Washington, D.C. The

Complaint alleges that both women suffer continuing physical, psychological, and mental injuries and therefore assert claims under 42 U.S.C. § 1983 and District of Columbia law.

Because of the sensitive nature of sexual assault, it is critical that both Plaintiffs be allowed to proceed under pseudonym in all filings made in this case. Rule 10(a) generally requires that the title of a complaint "include the names of all the parties," Fed. R. Civ. P. 10(a), and the Local Rules require that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvRs 5.1(e)(1) and 11.1. Yet, "many federal courts . . . have permitted parties to proceed anonymously when special circumstances justify secrecy." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). The critical inquiry is whether the plaintiff's "need for anonymity" outweighs "the general presumption that the parties' identities are public information and the risk of unfairness to the opposing party." Id. at 1068 (citation omitted).

The D.C. Circuit does not appear to have addressed precisely how to apply this balancing test, but in United States v. Microsoft, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curium), the court did cite approvingly from the Fourth Circuit's decision in James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), which summarized the following five factors "from the relatively few cases – both at trial and appellate levels – that have wrestled with the problem":

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3. The ages of the persons whose privacy interests are sought to be protected;

4. Whether the action is against a governmental or private party; and

5. Relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

In this case, these factors counsel in favor of allowing the Plaintiffs to proceed under pseudonym. First, sexual assault is undeniably a personal and sensitive issue, and litigation surrounding sexual assault requires disclosure of highly personal and sensitive issues. "Short of homicide, it is the ultimate violation of self." Coker v. Georgia, 433 U.S. 584, 597 (1977) (internal citations and quotation marks omitted).

Understanding the uniquely personal and devastating impact of sexual assault, many courts have allowed suits alleging sexual assault to proceed under pseudonym. See, e.g., Doe v. Wright, 82 F.3d 265 (8th Cir. 1996); Doe v. Celebrity Cruises, Inc., 394 F.3d 891 (11th Cir. 2004), cert. denied, 126 S. Ct. 548 (2005); "Beverly," by Doe v. Diamond Transp. Servs., Civ. A. No. 98-2230, 1999 U.S. App. LEXIS 11136 (4th Cir. June 1, 1999); Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439 (7th Cir., 1994); Doe v. Dominion Bank, 963 F.2d 1552 (D.C. Cir. 1992); Doe v. Sullivan County, 956 F.2d 545 (6th Cir. 1992); Doe v. District of Columbia, 701 F.2d 948 (D.C. Cir. 1983).

Second, although the Plaintiffs are no longer in the custody of the correctional system, the possibility of retaliatory harm also counsels in favor of allowing this case to proceed under pseudonym. Both Plaintiffs still live in the same metropolitan area as the men who sexually assaulted them, and they fear retaliatory physical harm. Ms. Doe, who has young children, also fears retaliatory physical harm against her children.

Additionally, being a victim of sexual assault still carries with it extreme stigma in today's society. In addition to personal humiliation she could suffer, Ms. Doe's school-aged

children could also suffer public humiliation about their mother's status as an ex-offender and as a victim of sexual assault. Thus identification poses a risk of physical and mental harm to the requesting parties, Ms. Doe and Ms. Roe, and to innocent non-parties, Ms. Doe's children.

The third factor that weighs in favor of granting Plaintiffs anonymity is that the action is against a governmental entity. Plaintiffs were both sexually assaulted while in the custody of the Department of Corrections, in a facility performing an essential government function. Therefore, while not all the defendants are governmental entities, all were acting in the stead of government under the color of state law. This factor also counsels to anonymity.

Finally, allowing Plaintiffs to remain anonymous will not harm defendants. The Plaintiffs will disclose their true names to all parties in the litigation upon entry of the Protective Order that is being filed concurrently with the Complaint and the present Motion. Under the terms of that Order, Plaintiffs will agree to reveal their true identities to the Defendants in exchange for their pledge to strictly maintain the confidentiality of their real names. As a result, Defendants will be able to protect all of their interests in the lawsuit without violating the privacy that the Plaintiffs deserve.

In addition to meeting the factors outlined in James v. Jacobson, the public also "has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." Doe No. 2 v. Kolko, CV 2006-20096 (SLT) (MOG), 2006 U.S. Dist. LEXIS 80859, at **7-8 (E.D.N.Y. 2006) (citing Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting anonymity to sexual assault victim)). Protecting the identity of sexual assault victims in a public court filing can encourage other women to come forward without fear of disclosure and possible public humiliation. The public interest in encouraging victims of sexual assault to come forward is a compelling public interest.

Plaintiffs' "need for anonymity" on a wide variety of grounds far outweighs any need to maintain the presumption of openness in judicial proceedings in this case. <u>Advanced Textile</u>, 214 F.3d at 1068. The Court thus should grant Plaintiffs' Motion and should permit Plaintiffs to proceed as "Jane Doe" and "Jane Roe" in all filings in the litigation.

DATED: December 12, 2006         Respectfully submitted,

*Ashley McDonald*

Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
      and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOE <br><br> and <br><br> JANE ROE, <br>           Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> and <br><br> CORRECTIONS CORPORATION OF AMERICA, INC., <br><br> and <br><br> ELRY MCKNIGHT, <br><br> and <br><br> JOHN GANT, <br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## Local Civil Rule 7(m) Statement

Undersigned counsel was unable to discuss Plaintiffs' Motion with opposing counsel because the Complaint is being filed concurrently with the Motion and opposing counsel has not yet been identified.

DATED: December 12, 2006

Respectfully submitted,

*Ashley McDonald*
Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
    and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe