IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>      and<br>JANE ROE,<br>      Plaintiffs,<br>v.<br>DISTRICT OF COLUMBIA,<br>      and<br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br>      and<br>ELRY MCKNIGHT,<br>      and<br>JOHN GANT,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs, who are victims of sexual assaults by Defendants, hereby move for entry of a Protective Order that will enable them to proceed under pseudonym in all public court filings while simultaneously disclosing their true identities to the parties in the litigation. Entry of this Order will best protect Defendants' fair trial rights and Plaintiffs' need for public anonymity in the proceeding.

Accordingly, the Court should grant Plaintiffs' Motion and should enter the attached Protective Order.

DATED: December 12, 2006	Respectfully submitted,

*/s/ Ashley McDonald*
Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
	and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br><br>    and<br><br>JANE ROE,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    and<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>    and<br><br>ELRY MCKNIGHT,<br><br>    and<br><br>JOHN GANT,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs hereby move for the entry of a Protective Order in this case. A proposed Protective Order in support of the Motion is attached. As grounds for their Motion, Plaintiffs state the following:

1. Both Plaintiffs were sexually assaulted by correctional officers while incarcerated at the Correctional Treatment Facility in Washington, D.C.

2. In conjunction with the Complaint, Plaintiffs are also filing a Motion to Proceed Under Pseudonym as "Jane Doe" and "Jane Roe" for all filings in this action. Plaintiffs state in

their Motion that their need for anonymity outweighs the presumption that judicial proceedings in this case should proceed using Plaintiffs' real names in public filings.

3. Plaintiffs understand, however, that Defendants may need to learn their true identities so that they may answer and defend against the allegations in the Complaint.

4. Plaintiffs further request the Defendants, including the individual Defendants McKnight and Gant, not be personally given Plaintiffs' home addresses and telephone numbers. While Plaintiffs understand that counsel for all Defendants may need to know their home addresses, Plaintiffs both fear retaliation and harassment from the men who sexually assaulted them and from other employees of Defendants. Keeping their home addresses and telephone numbers from the Defendants but not their counsel will not impinge upon the Defendants' ability to answer and defend against the allegations in the Complaint.

Therefore, Plaintiffs respectfully request that the Court enter the Protective Order attached as Exhibit A. Entry of this Order will enable Plaintiffs to disclose their identities to the litigants and their representatives while still protecting them from the type of "annoyance, embarrassment, and harassment," Fed. R. Civ. P. 26(c) that will result from public disclosure of their names.

DATED: December 12, 2006

Respectfully submitted,

*Ashley McDonald*
Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
    and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE | ) |
| and | ) |
| JANE ROE, | ) |
|                 Plaintiffs, | ) |
| v. | ) |
| DISTRICT OF COLUMBIA, | ) |
| and | ) |
| CORRECTIONS CORPORATION OF AMERICA, INC., | ) |
| and | ) |
| ELRY MCKNIGHT, | ) |
| and | ) |
| JOHN GANT, | ) |
|                 Defendants. | ) |

**Federal Rule of Civil Procedure 26(c) and Local Civil Rule 7(m) Statement**

      Undersigned counsel was unable to discuss Plaintiffs' Motion with opposing counsel because the Complaint is being filed concurrently with the Motion and opposing counsel has not yet been identified.

6

DATED: December 12, 2006						Respectfully submitted,

*Ashley McDonald* (signature)

Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
	and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Doe and Jane Roe

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>      and<br>JANE ROE,<br>           Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br>      and<br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br>      and<br>ELRY MCKNIGHT,<br>      and<br>JOHN GANT,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures shall govern the litigation of the above-captioned action between Plaintiffs Jane Doe and Jane Roe ("Plaintiffs"); Defendants District of Columbia, Corrections Corporation of America, Inc., Elry McKnight, and John Gant (collectively, "Defendants"); and any other Plaintiffs, Defendants, third-parties, intervenors, or parties to this action:

      1.    "Confidential Information" as used in this Protective Order (the "Order") shall mean any documents, testimony, or material containing or reflecting Plaintiffs' true

identities, including without limitation documents, testimony, or material containing or relating to Plaintiffs' names or other identifying information.

2. "Highly Confidential Information" as used in this Order shall mean any documents, testimony, or material relating to Plaintiffs' location or contact information, including but not limited to information relating to Plaintiffs' addresses, phone numbers, social security numbers, or other location or contact information.

3. The parties must designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents or other materials that the designating party and/or its counsel believe in good faith contain or reflect Confidential Information or Highly Confidential Information. The designation of documents or other materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by written notice in the documents or materials designated. The designation of portions of testimony shall be made promptly after receipt of a transcript thereof by the designating party. Challenges to confidentiality designations may be made by any party as set forth below.

Confidential Information

4. Except upon further Order of the Court or by express written consent of all counsel of record, materials containing Confidential Information and/or designated as "CONFIDENTIAL" shall be used or disclosed solely for purposes of prosecuting or defending this action and shall not be revealed, discussed, or disclosed to any person or entity other than the following:

  (a) Defendants in this action; or

  (b) The members of, attorneys associated with, and employees of the law firms that enter appearances in this action; or

(c) Experts, consultants, or assistants retained or employed by any party for the purposes of this action; or

(d) The Court in this action, or any other court having jurisdiction over this action, and any court reporter or typist recording or transcribing testimony in this action and any outside, independent reproduction firm.

5. Prior to the disclosure of Confidential Information to any person designated under subparagraphs 4(a), 4(b), or 4(c), such person shall be specifically designated by consent of all attorneys of record or pursuant to Court order.

6. Prior to the disclosure of Confidential Information to any person designated under subparagraphs 4(a), 4(b), or 43(c), such person shall be furnished with a copy of this Order and shall be required to certify in writing that he or she has read this Order, understands it, and agrees to be bound by its terms. Such certification shall be in the form of Exhibit A hereto.

Highly Confidential Information

7. "Highly Confidential Information" includes but is not limited to information relating to Plaintiffs' addresses, phone numbers, social security numbers, or other locating or contact information.

8. Highly Confidential Information is to be disclosed only to counsel of record in this action.

9. No counsel or other person shall reveal to Defendants the home addresses or telephone numbers or other Highly Confidential Information of the Plaintiffs.

Maintenance and Discovery of Confidential Information and Highly Confidential Information

10. The recipient of any Confidential Information or Highly Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information or Highly Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Information or Highly Confidential Information; and shall not reveal, discuss, or disclose such Confidential Information or Highly Confidential Information in any manner or in any form, to any person or any entity other than as provided in this Order.

11. Any Confidential Information or Highly Confidential Information filed with the Court shall be filed under seal in accordance with LCvR 5.1(j).

12. At the conclusion of this action, including any appeals, all Confidential Information or Highly Confidential Information furnished pursuant to the terms of this Order, any notes taken from said Confidential Information or Highly Confidential Information, and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing said Confidential Information or Highly Confidential Information or destroyed (and certified by affidavit or declaration as having been destroyed) by the party in possession thereof.

13. The restrictions set forth in any of the preceding paragraphs also shall apply to information that a party acquires from a third party lawfully possessing such information or that lawfully was possessed by a party prior to discovery in this action.

14. This Order shall be without prejudice to the right of any party to bring before the Court by an appropriate motion the question of (a) whether any particular material is or is not confidential; or (b) whether any particular material is or is not discoverable and/or relevant to any issue in this case, provided the party has complied with the procedures set forth herein. If a party files a motion challenging another party's designation of Confidential

Information or Highly Confidential Information, the designating party shall bear the burden of establishing that the document(s) in question is (are) entitled to protection. No party, by the entry of this Order, concedes that any document, material or information classified by any other party as Confidential Information or Highly Confidential Information or any documents, transcripts or other material reflecting claimed Confidential Information or Highly Confidential Information, does in fact contain or reflect Confidential Information or Highly Confidential Information.

15. Nothing contained in this Order shall be construed to prevent any party from interposing an objection to a request for discovery.

16. The parties shall have all rights to apply to the Court for an order (i) modifying this Order, (ii) seeking further protection against discovery or other use of Confidential Information or Highly Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information or Highly Confidential Information, or (iii) seeking further production, discovery, disclosure or use of claimed Confidential Information or Highly Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information or Highly Confidential Information.

ORDERED this ___ day of December, 2006.

                                                United States District Court
                                                for the District of Columbia

Send copies to:

      THOMAS C. HILL (Counsel for Plaintiffs)
      Pillsbury Winthrop Shaw Pittman LLP
      2300 N Street, N.W.
      Washington, D.C. 20037-1128

      DISTRICT OF COLUMBIA (Defendant)
      Eugene Adams, Interim Attorney General for the District of Columbia
      Attorney General's Office
      441 4th Street, N.W.
      Suite 600
      Washington, DC 20001

      DISTRICT OF COLUMBIA (Defendant)
      The Honorable Mayor of the District of Columbia
      Anthony Williams
      Office of the Secretary
      1350 Pennsylvania Ave., N.W.
      Suite 419
      Washington, DC 20004

      CORRECTIONS CORPORATION OF AMERICA, INC. (Defendant)
      CT Corporation System.
      1025 Vermont Ave., N.W.
      Washington, DC 20005

      ELRY MCKNIGHT (Defendant)
      3431 Stanton Road, SE
      Washington, DC 20002

      JOHN GANT (Defendant)
      9467 Keepsake Way
      Columbia, MD 21046-2017

**Exhibit A**

**CONFIDENTIALITY AGREEMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, who maintain my address at _____ _____, hereby acknowledge that I may receive information designated as Confidential Information under the Protective Order (the "Order") entered on _____, 2006 in the civil action styled Doe and Roe v. District of Columbia, et al., Case No. _____ (the "Lawsuit"). I certify that I have read the Order, and I agree not to disclose any Confidential Information that is produced subject to or is otherwise covered by the Order to any person not entitled to receive disclosure of such Confidential Information under the provisions of such Order. I agree to use any Confidential Information solely for the purposes appropriate to my participation in connection with the Lawsuit. I agree to abide by the Order in every respect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____ (date).

Signed: _____