**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Jane Doe and Jane Roe,

Plaintiff,

v.

District of Columbia, Corrections Corporation of
America, Elry McKnight and John Gant,

Defendants.

Civil Action No. 1:06-cv-02203

**SEPARATE ANSWER OF DEFENDANT, CORRECTIONS CORPORATION OF
AMERICA**

This answering Defendant, Corrections Corporation of America ("CCA"), through

counsel, and for its answer to Plaintiffs' Complaint, admits, denies and alleges as follows:

This answering Defendant denies each and every allegation of Plaintiffs'

Complaint which is not specifically admitted, denied or otherwise pled to.

**Preliminary Statement**

1.      This answering Defendant admits that  Jane Doe and Jane Roe were

former inmates at the Correctional Treatment Facility ("CTF") in Washington, D.C. and that Elry

McKnight and John Gant were formerly employed by CCA.  Defendant denies the remaining

allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.      This answering Defendant admits the allegations contained in paragraph 2

of Plaintiffs' Complaint.

3.      This answering Defendant admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      In answering paragraph 4 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

5.      In answering paragraph 5 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

6.      This answering Defendant admits the allegation contained in paragraph 6 of Plaintiffs' Complaint.

**Parties**

7.      In answering paragraphs 7 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

8.      In answering paragraphs 8 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

9.      The allegations contained in paragraph 9 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     In answering paragraph 10 of Plaintiffs' Complaint, this answering Defendant denies that it is a Tennessee corporation, but admits that it does business with the

District of Columbia and that it is responsible for establishing policies and procedures for training, supervision and discipline of its staff.  This answering Defendant further admits that all times relevant to Plaintiffs' Complaint, it was acting under color of law in all of its activities with respect to the incarceration, care, custody, health and safety of Plaintiffs.  This answering Defendant denies the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     The allegations contained in paragraphs 11 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 11 of Plaintiffs' Complaint.

12.     The allegations contained in paragraphs 12 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 12 of Plaintiffs' Complaint.

## Factual  Allegations

13.     This answering Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     The allegations contained in paragraph 14 of Plaintiffs' Complaint are not allegations requiring a response.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     This answering Defendant admits the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     This answering Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     This answering Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     This answering Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     This answering Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     This answering Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

## Plaintiff Doe

21.     In answering paragraphs 21 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

22.     In answering paragraphs 22 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

23.     In answering paragraphs 23 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

24.     In answering paragraphs 24 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

25.     This answering Defendant admits the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.    In answering paragraph 26 of Plaintiffs' Complaint, this answering Defendant admits that it had the duty to take reasonable measures to protect Plaintiffs' safety. This answering Defendant denies the remaining allegations contained in paragraph 26.

27.    This answering Defendant admit that Defendant McKnight was employed by CCA as a Correctional Officer at CTF, but denies the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.    In answering paragraph 28 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

29.    This answering Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.    This answering Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.    This answering Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.    This answering Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.    This answering Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.    This answering Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.    This answering Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.    This answering Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.    This answering Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.    This answering Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.    This answering Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.    This answering Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.    This answering Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.    This answering Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.    In answering paragraph 43 of Plaintiffs' Complaint, this answering Defendant is without sufficient information regarding Plaintiff's court date on April 18, 2002. This answering Defendant denies the remaining allegations contained in paragraph 43.

44.    This answering Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.    This answering Defendant denies the allegations contained in paragraph 45  Plaintiffs' Complaint.

46.    This answering Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.    In answering paragraph 47 of Plaintiffs' Complaint, this answering Defendant admits that Plaintiff Doe reported allegations of rape on or about May 31, 2002 and that she threatened to sue CCA.  This answering Defendant denies the remaining allegations contained in paragraph in paragraph 47 of Plaintiffs' Complaint.

48.    In answering paragraph 48 of Plaintiffs' Complaint, this answering Defendant admits that Correctional Officer Scott prepared an Incident Statement.  This answering Defendant denies the remaining allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.    This answering Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.    This answering Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.    In answering paragraph 51 of Plaintiffs' Complaint, this answering Defendant admits that CCA notified the Metropolitan Police Department.  This answering Defendant denies the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.    In answering paragraph 52 of Plaintiffs' Complaint, this answering Defendant admits that Defendant McKnight was suspended from CTF.  This answering Defendant denies the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.    In answering paragraph 53 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

54.     In answering paragraph 54 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

55.     In answering paragraph 55 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

56.     In answering paragraph 56 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

57.     In answering paragraph 57 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

58.     This answering Defendant denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     This answering Defendant denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     In answering paragraph 60 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

61.     In answering paragraph 61 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

62.    In answering paragraph 62 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

63.    In answering paragraphs 63 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

64.    This answering Defendant denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

## **Plaintiff Roe**

65.    In answering paragraph 65 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

66.    This answering Defendant denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.    This answering Defendant denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.    In answering paragraph 68 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

69.    In answering paragraph 69 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

70.     In answering paragraph 70 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

71.     In answering paragraph 71 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

72.     In answering paragraph 72 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

73.     In answering paragraph 73 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

74.     In answering paragraph 74 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

75.     In answering paragraph 75 of Plaintiffs' Complaint, this answering Defendant admits that Ms. Roe reported a complaint for sexual misconduct on December 30, 2003.

76.     This answering Defendant admits the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.     In answering paragraph 77 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

78.    This answering Defendant denies the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79.    In answering paragraph 79 of Plaintiffs' Complaint, this answering Defendant admits that Defendant Gant was suspended pending investigation.  This answering Defendant denies the remaining allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.    This answering Defendant denies the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.    This answering Defendant admits the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.    In answering paragraph 82 of Plaintiffs' Complaint, this answering Defendant admits that Plaintiff Roe and someone on the telephone line claiming to be her mother asked about the status of the investigation.  This answering Defendant denies the remaining allegations contained in Plaintiffs' Complaint.

83.    This answering Defendant denies the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.    In answering paragraph 84 of Plaintiffs' Complaint, this answering Defendant admits that Defendant Gant chose to resign rather than cooperate with the CCA internal investigation into the allegations, but that his resignation would have no effect on any criminal investigation.

85.    In answering paragraph 85 of Plaintiffs' Complaint, this answering Defendant admits that Warden Figueroa submitted a memo to Plaintiff Roe which informed her that the findings were sustained due to Gant's refusal to cooperate with the investigation.  This

answering Defendant denies the remaining allegations contained in paragraph 85 of Plaintiffs' Complaint.

86. This answering Defendant denies the allegations contained in paragraph 86 of Plaintiffs' Complaint.

87. This answering Defendant denies the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88. This answering Defendant denies the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89. In answering paragraph 89 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

90. In answering paragraph 90 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

91. This answering Defendant denies the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92. In answering paragraph 92 of Plaintiffs' Complaint, this answering Defendant is without sufficient information to form a belief as the truth of the allegations set forth therein and therefore, denies same.

## LEGAL CLAIMS

### COUNT I

### Violation of the Fourth, Fifth, Eighth, and Ninth Amendments to the United States Constitution as Compensable by the Civil Rights Act of 1871, 42 U.S.C. § 1983
### (Against Defendants McKnight, Gant, Corrections Corporation of America, and District of Columbia)

93.     In answering Paragraph 93 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 92 as if fully set forth herein.

94.     The allegations contained in paragraph 94 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraph 94 of Plaintiffs' Complaint.

95.     The allegations contained in paragraph 95 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 95 of Plaintiffs' Complaint.

96.     This answering Defendant denies the allegations contained in paragraph 96 of Plaintiffs' Complaint.

97.     This answering Defendant denies the allegations contained in paragraph 97 of Plaintiffs' Complaint.

98.     The allegations contained in paragraph 98 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant. To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 98 of Plaintiffs' Complaint.

99.     The allegations contained in paragraph 99 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 99 of Plaintiffs' Complaint.

100.    This answering Defendant denies the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.    This answering Defendant denies the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.    This answering Defendant denies the allegations contained in paragraph 102 of Plaintiffs' Complaint.

103.    The allegations contained in paragraph 103 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 103 of Plaintiffs' Complaint.

**COUNT II**
**Violation of the Fourth, Fifth, Eighth, and Ninth Amendments to the United States Constitution as Compensable [sic] by the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Against Defendants District of Columbia and Corrections Corporation of America)**

104.    In answering Paragraph 104 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 103 as if fully set forth herein.

105.    This answering Defendant denies the allegations contained in paragraph 105 of Plaintiffs' Complaint.

106.    This answering Defendant denies the allegations contained in paragraph 106 of Plaintiffs' Complaint.

107.    This answering Defendant denies the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.    This answering Defendant denies the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.    This answering Defendant denies the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.    This answering Defendant denies the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.    This answering Defendant denies the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.    This answering Defendant denies the allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.    This answering Defendant denies the allegations contained in paragraph 113 of Plaintiffs' Complaint.

### COUNT III
### Negligent Supervision and Hiring
### (Against Defendants District of Columbia and Corrections Corporation of America)

114.    In answering Paragraph 114 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 113 as if fully set forth herein.

115.    This answering Defendant denies the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.    This answering Defendant denies the allegations contained in paragraph 116 of Plaintiffs' Complaint.

117.    This answering Defendant denies the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.    This answering Defendant denies the allegations contained in paragraph 118 of Plaintiffs' Complaint.

## COUNT IV
### Negligent Supervision and Hiring
### (Against Defendants District of Columbia and Corrections Corporation of America)

119.    In answering Paragraph 119 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 118 as if fully set forth herein.

120.    The allegations contained in paragraph 120 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 120 of Plaintiffs' Complaint.

121.    The allegations contained in paragraph 121 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 121 of Plaintiffs' Complaint.

122.    The allegations contained in paragraph 122 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 122 of Plaintiffs' Complaint.

123.    This answering Defendant denies the allegations contained in paragraph 123 of Plaintiffs' Complaint.

124.    This answering Defendant denies the allegations contained in paragraph 124 of Plaintiffs' Complaint.

125.    This answering Defendant denies the allegations contained in paragraph 125 of Plaintiffs' Complaint.

126.    This answering Defendant denies the allegations contained in paragraph 126 of Plaintiffs' Complaint.

**COUNT V**
**<u>Negligent Infliction of Emotional Distress</u>**
**(Against Defendants McKnight, Gant, and Corrections Corporation of America)**

127.    In answering Paragraph 127 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 126 as if fully set forth herein.

128.    The allegations contained in paragraph 128 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 128 of Plaintiffs' Complaint.

129.    The allegations contained in paragraph 129 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 129 of Plaintiffs' Complaint.

130.    This answering Defendant denies the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131.    This answering Defendant denies the allegations contained in paragraph 131 of Plaintiffs' Complaint.

132.    This answering Defendant denies the allegations contained in paragraph 132 of Plaintiffs' Complaint.

133.    This answering Defendant denies the allegations contained in paragraph 133 of Plaintiffs' Complaint.

## COUNT VI
### Rape and Assault and Battery
**(Against Defendants McKnight, District of Columbia, and Corrections Corporation of America)**

134.    In answering Paragraph 134 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 133 as if fully set forth herein.

135.    The allegations contained in paragraph 135 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 135 of Plaintiffs' Complaint.

136.    The allegations contained in paragraph 136 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 136 of Plaintiffs' Complaint.

137.    This answering Defendant denies the allegations contained in paragraph 137 of Plaintiffs' Complaint.

138.    This answering Defendant denies the allegations contained in paragraph 138 of Plaintiffs' Complaint.

## COUNT VII
## Rape and Assault and Battery
## (Against Defendants McKnight, District of Columbia, and Corrections Corporation of America)

139.    In answering Paragraph 139 of Plaintiff's Complaint, this answering Defendant incorporates its answers to paragraphs 1 through 138 as if fully set forth herein.

140.    The allegations contained in paragraph 140 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 140 of Plaintiffs' Complaint.

141.    The allegations contained in paragraph 141 of Plaintiffs' Complaint are not directed to this answering Defendant and, therefore, no response is required by this answering Defendant.  To the extent a response is required, this answering Defendant denies the allegations contained in paragraphs 141 of Plaintiffs' Complaint.

142.    This answering Defendant denies the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143.    This answering Defendant denies the allegations contained in paragraph 143 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, this answering Defendant requests that it be dismissed and that it be awarded its reasonable attorney's fees and costs incurred herein.

## AFFIRMATIVE DEFENSES

144.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

145.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs fail to state a claim upon which relief can be granted.

146.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs failed to comply with D.C. Code § 12-309 prior to filing suit, thus barring this action.

147.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs did not suffer any injuries or damages for which they may recover.

148.    As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiffs' injuries, losses and damages were the result of the assumption of risk by Plaintiff.

149.    As a separate defense, or in the alternative, this answering Defendant alleges that its conduct was not negligent and did not violate the applicable standard of care.

150.    As a separate defense, or in the alternative, this answering Defendant alleges that it did not owe Plaintiffs a duty of care under common law, statute or regulations.

151.    As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiffs' injuries, losses and damages, if any, were the result of the negligence or intentional act of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

152.    As a separate defense, or in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

153.     As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs' allegations arose as a result of their own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

154.     As a separate defense, or in the alternative, this answering Defendant alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

155.     As a separate defense, or in the alternative, this answering Defendant alleges that the actions of Defendant and Defendant's employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

156.     As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs failed to mitigate their damages, thereby reducing or eliminating any damages owed by this answering Defendant.

157.     As a separate defense, or in the alternative, this answering Defendant alleges that the Court lacks jurisdiction over the parties.

158.     As a separate defense, or in the alternative, this answering Defendant alleges that it did not breach any duty to Plaintiffs.

159.     As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs have failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

160.     As a separate defense, or in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs, thereby precluding punitive damages.

161.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs failed to exhaust administrative remedies in accordance with the Prison Litigation Reform Act prior to filing suit, thereby precluding all claims asserted under 42 U.S.C. § 1983. *See*, 42 U.S.C. § 1997e(a).

162.    As a separate defense, or in the alternative, this answering Defendant alleges that they were acting under legal process with good, sufficient and probable cause to be so acting, and that the actions of this answering Defendant and its employees were in good faith and without malice.

163.    As a separate defense, or in the alternative, this answering Defendant alleges that CCA employees enjoy qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and were acting in good faith and without malice, all of which would prevent Plaintiffs from recovering from this answering Defendant.

164.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiffs were contributorily negligent, which would diminish or eliminate Plaintiffs' right to recover under certain claims for relief.

165.    As a separate defense, or in the alternative, this answering Defendant alleges that CCA employees were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiffs to prove in order to prevail on a claim of deliberate indifference.

166.    As a separate defense, or in the alternative, this answering Defendant alleges that it was not subjectively aware of, and did not consciously disregard, a substantial risk of harm to Plaintiffs, thereby warranting dismissal of this lawsuit.

167.    Although this answering Defendant does not presently have facts in support of the following defenses, this answering Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, the following affirmative defenses set forth in FED.R.CIV. Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

## JURY DEMAND

Defendant demands a trial by jury on all issues herein.

Dated: February 1, 2007

By:    s/  Daniel P. Struck
  Daniel P. Struck, DC Bar No. CO0037
  Jennifer L. Holsman, DC Bar No. 495296
  JONES, SKELTON & HOCHULI, P.L.C.
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona  85012
  Telephone:   (602) 263-1700
  Facsimile:    (602) 263-1784

  Paul J. Maloney, DC Bar No. 362533
  Colleen Durbin, DC Bar No. 500039
  CARR MALONEY, P.C.
  1615 L Street, N.W., Suite 500
  Washington, DC   20036
  Telephone:       (202) 310-5500
  Facsimile:        (202) 310-5555

  Attorneys for Defendants, *Corrections Corporation of America*