IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE <br><br> and <br><br> JANE ROE <br>        Plaintiffs <br><br> v. <br><br> DISTRIC T OF COLUMBIA <br><br> and <br><br> CORRECTIONS CORPORATION OF AMERICA, INC. <br><br> and <br><br> ELRY MCKNIGHT <br><br> and <br><br> JOHN GANT | Civil Action No. 06-02203 (EHS) |

## ANSWER OF DEFENDANT MCKNIGHT

Defendant, Elry McKnight, by and through his attorneys, Jordan Coyne & Savits LLP, and Dwight D. Murray respectively submit the following in response to the Complaint filed in this Court.

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Defendant McKnight's list the following responses to the numbered paragraphs in the Complaint:

1. Defendant McKnight denies the allegations contained in Paragraph 1.

2. Defendant McKnight states that the allegations contained in Paragraphs 2 and 3 of the Complaint concerns subject matter jurisdiction of this Court to which a response is not required. However, if a response is required, Defendant denies said allegations in Paragraphs 2 and 3.

3. Defendant McKnight states that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 4-9, 20-24, 27, 36, 44-58, 60-62, and 64 and demands strict proof thereof.

4. Defendant McKnight admits in Paragraph 10 of the Complaint that Defendant CCA is a Tennessee Corporation doing business in the District of Columbia and that CCA operates CTF on behalf of the District. However, Defendant McKnight denies the remaining allegations contained in Paragraph 10.

5. Defendant McKnight denies the allegations contained in Paragraph 11, 13, 17-19, 26, 28-35, 37-43 and 63.

6. Defendant McKnight further states that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 and demands strict proof thereof.

7. Defendant McKnight states that the allegations contained in Paragraph 14 as is statement of the law to which a response is not required. However, if a response is required, Defendant McKnight denies the allegations contained therein.

8. Defendant McKnight admits the allegations contained in Paragraph 15 of the Complaint.

9. With regard to the allegations contained in Paragraph 25 of the Complaint, Defendant McKnight admits the allegations that CTF is operated by CCA pursuant to a contract with the District of Columbia Department of Corrections.

10. With regard to the allegations contained in Paragraph 59, Defendant McKnight admits the allegation that he was allowed to return to work in his previous capacity without prejudice after an investigation was completed.

11. With regard to the allegations contained in Paragraph 65-93 of the Complaint, those allegations do not pertain to Defendant McKnight and therefore a response is not required. However, if a response is required, Defendant McKnight denies the allegations contained in those paragraphs.

### THIRD DEFENSE

Defendant McKnight submits the following responses to the allegations contained in Count I of the Complaint.

12. Defendant McKnight denies the allegations contained in Paragraphs 94-100.

13. Defendant McKnight states that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 101.

14. Defendant McKnight denies the allegations contained in Paragraphs 102 and 103.

15. Defendant McKnight denies all remaining allegations in the Complaint not specifically admitted or denied herein.

## FOURTH DEFENSE

Defendant McKnight responds to the allegations contained in Count II of the Complaint as follows:

16. Defendant McKnight states that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 104-108.

17. Defendant McKnight denies the allegations contained in Paragraphs 109-113.

## FIFTH DEFENSE

Defendant McKnight submits the following responses contained in Count III of the Complaint.

18. Defendant McKnight state that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 114 and 115 of the Complaint and demands strict proof thereof.

19. Defendant McKnight denies the allegations contained in Paragraphs 116-118.

20. Defendant McKnight denies all remaining allegations of the Complaint not specifically admitted or denied herein.

## SIXTH DEFENSE

Defendant McKnight submits the following responses to the allegations contained in Count IV of the Complaint:

21. Defendant McKnight states that he is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 119 and demands strict proof thereof.

22. Defendant McKnight denies the allegations contained in Paragraphs 120-126.

### SEVENTH DEFENSE

Defendant McKnight submits the following responses to the allegations contained in Count V of the Complaint:

23. Defendant McKnight denies the allegations contained in Paragraphs 127.

24. Defendant McKnight denies the allegations contained in Paragraphs 128-133.

### EIGHTH DEFENSE

Defendant McKnight submits the following responses to the allegations contained in Paragraphs 6 of the Complaint and responds as follows:

25. Defendant McKnight denies the allegations contained in Paragraphs 134-138.

### NINTH DEFENSE

Defendant McKnight submits the following responses to the allegations contained in Count VII of the Complaint, Defendant McKnight responds as follows:

26. Defendant McKnight denies the allegations contained in Paragraphs 139-143.

### TENTH DEFENSE

Plaintiff's claims are barred by the statute of the limitations.

## ELEVENTH DEFENSE

Defendant McKnight submits that the Plaintiff injuries and damages, if any, were not caused or approximately caused by any acts or omissions of this Defendant.

## TWELTH DEFENSE

Defendant McKnight submits the Plaintiff's injuries or damages, if any, were approximately caused by the contributory negligence and/or assumption of risk of the Plaintiff.

## THIRTEENTH DEFENSE

The Plaintiff's claims are barred by the statute of limitations.

WHEREFORE, Defendant McKnight respectively requests that the Court dismisses the Complaint and enter judgment in the Defendant's favor and to ward this Defendant all costs including attorney's fees, or any such further relief as justice requires.

## FOURTEENTH DEFENSE

Defendant McKnight asserts that at all relevant times he complied with the existing policies and regulations that were in effect.

## JURY DEMAND

Defendants demand a trial by jury on all issues.

Respectfully submitted,

DWIGHT D. MURRAY
Jordan Coyne & Savits LLP
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036
(202) 496-2803

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February 2006, a copy of the foregoing was mailed, first class, postage prepaid to:

>Thomas C. Hill
>Ashley McDonald
>Pillsbury Winthrop Shaw Pittman LLP
>2300 N Street, N.W.
>Washington, DC  20037-1128
>
>Philip Fornaci
>Deborah M. Golden
>D.C. Prisoner's Project of the Washington
>  Lawyer's Committee for Civil Rights and Urban Affairs
>11 Dupont Circle, Suite 400
>Washington, DC  20036

_____
DWIGHT D. MURRAY