**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Jane Doe and Jane Roe,<br><br>                     Plaintiffs,<br><br>          v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>                     Defendants. | Civil Action No. 1:06-cv-02203 |

## <u>DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS</u>

Defendant District of Columbia (the "District"), through undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), hereby moves that this Honorable Court dismiss Plaintiffs' Complaint against the District.  As grounds therefor, the District states:

1.      Count One of Plaintiffs' Complaint fails to state a claim against the District of Columbia;

2.      Count Two of Plaintiffs' Complaint fails to state a *Monell* claim against the District of Columbia;

3.      Counts One and Two of Plaintiffs' Complaint must be dismissed because the alleged conduct does not rise to the level of a constitutional violation;

4.      Plaintiffs' negligent hiring and supervision, and rape, assault and battery claims against the District fail.

A Memorandum of Points and Authorities in support of this Motion and a proposed Order, is attached hereto.

1740110.1

Because this is a dispositive motion, no request for Plaintiffs' consent is required under

Local Rule 7.1(m).

Dated: March 5, 2007

By:     s/Jennifer L. Holsman
      Daniel P. Struck, DC Bar No. CO0037
      Jennifer L. Holsman, DC Bar No. 495296
      JONES, SKELTON & HOCHULI, P.L.C.
      2901 North Central Avenue, Suite 800
      Phoenix, Arizona  85012
      Telephone:   (602) 263-1700
      Facsimile:    (602) 263-1784

      Paul J. Maloney, DC Bar No. 362533
      Colleen Durbin, DC Bar No. 500039
      CARR MALONEY, P.C.
      1615 L Street, N.W., Suite 500
      Washington, DC   20036
      Telephone:       (202) 310-5500
      Facsimile:        (202) 310-5555
      Attorneys for Defendants, *Corrections Corporation of America*

ORIGINAL of the foregoing
E-filed this 5th day of March, 2007.

By ____ /s/ Jennifer L. Holsman

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2007 a copy of the foregoing Motion to Dismiss was

served by First Class U.S. Mail on the following parties:

> Thomas C. Hill
> Ashley McDonald
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> 2300 N. Street, N.W.
> Washington, D.C. 20037-1128
> *Attorneys for Plaintiffs*

> Philip Fornaci
> Deborah M Golden
> D.C. Prisoners' Project
> Washington Lawyers' Committee for Civil Rights
>   and Urban Affairs
> 11 Dupont Circle, Suite 400
> Washington, D.C. 20036
> *Attorneys for Plaintiffs*

> District of Columbia
> c/o Shana L. Frost, Assistant Attorney General
> 441 4th St., NW 6S051
> Washington, DC 20001
> *Attorneys for Defendant District of Columbia*

> Dwight Murray
> Jordan Coyne & Savits, L.L.P.
> 1100 Connecticut Avenue., N.W.
> Suite 600
> Washington, D.C. 20026
> *Attorney for Defendants McKnight and Gant*

      /s/Jennifer L. Holsman

1740110.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>               Plaintiffs,<br><br>     v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>               Defendants. | Civil Action No. 1:06-cv-02203 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia (the "District"), through counsel and pursuant to FED. R. CIV. P. 12(b)(6), hereby move that this Honorable Court dismiss Plaintiffs' Complaint against the District.  As grounds therefor, the District states:

       1.     Count One of Plaintiffs' Complaint fails to state a claim against the District;

       2.     Count Two of Plaintiffs' Complaint fails to state a *Monell* claim against the District of Columbia;

       3.     Counts One and Two of Plaintiffs' Complaint must be dismissed because the alleged conduct does not rise to the level of a constitutional violation;

       4.     Plaintiffs' negligent hiring and supervision, and rape, assault and battery claims against the District fail.

## STATEMENT OF FACTS

This action arises out of the alleged sexual assault of two female inmates detained at the Correctional Treatment Facility ("CTF") in 2002 and 2003.  (Complaint, ¶ 6-14.)  The Correctional Treatment Facility is a prison operated by Corrections Corporation of America ("CCA") pursuant to a correctional services contract with the District.  (Complaint, ¶ 1.) Plaintiffs brought this action on December 12, 2006, naming as defendants the District of Columbia, Corrections Corporation of America, and two former CCA employees, Elry McKnight and John Gant. (Complaint, ¶¶ 3-4.)

Plaintiff Doe alleges that in March and April of 2002, Defendant McKnight forced her to perform oral sex on him and also raped and sodomized her. (Complaint ¶¶ 7-8.) Plaintiff Doe allegedly reported the sexual assault to a CCA correctional officer on or about May 31, 2002. (Complaint ¶ 8.)

Plaintiff Roe alleges that in December of 2003, Defendant Gant forced her to perform oral sex on him. (Complaint ¶ 12.) After reporting the alleged sexual assault, CTF conducted an investigation, Plaintiff Roe was transferred to the DC Jail and Defendant Gant was terminated from CCA employment. (Complaint ¶¶ 13-14.) Plaintiff Roe alleges that "DCDC was notified about Ms. Roe's rape but made no effort to improve the supervision of its agents or conduct any follow-up training with its employees and agents to prevent future incidents of rape, sexual assault, and harassment." (Complaint ¶ 14.)

Plaintiffs' Complaint makes the following claims against the District: (1) violation of 42 U.S.C. § 1983 (Complaint, ¶¶ 15-16); (2) a *Monell* claim under 42 U.S.C. § 1983 (Complaint, ¶¶ 16-18); (3) a common law claim of negligent supervision and hiring (Complaint, ¶¶ 18-19); and (4) a common law claim of rape, assault and battery (Complaint, ¶¶ 20-21.)  The District denies liability and damages.

## STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Mil*ler, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that can be reasonably drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994). Here, because the Plaintiffs have failed to state a claim upon which relief may be granted, the Plaintiffs' complaint should be dismissed.

## ARGUMENT

## I.    COUNT ONE OF PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST THE DISTRICT OF COLUMBIA.

It is well settled that the issue of municipal liability under *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978), need not be reached if a plaintiff is unable to initially establish a violation of plaintiff's constitutional rights. *See Siegert v. Gilley*, 111 S.Ct. 1789 (1991); *City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571 (1986). Moreover, liability under Section 1983 cannot be predicated on the theory of *respondeat superior*. *See, e.g. Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also International Action Center v. U.S.*, 365 F.3d 20 (D.C. Cir. 2004).

1750858.1

Here, Count One of Plaintiffs' Complaint fails to assert any alleged constitutional wrongdoing by a District employee. Specifically, Count One alleges that Defendants McKnight and Gant sexually assaulted Plaintiffs. McKnight and Gant, however, are not District employees. Rather these individuals are employees of CCA. Plaintiffs also fail to allege that the District hired, trained or directly supervised individual officers McKnight and Gant.

In addition, Plaintiffs fail to allege that underlying wrongful conduct (sexual assault) was at the hands of a District employee. Therefore, Plaintiffs fail to establish the predicate to liability against the District. Without an underlying constitutional violation performed by a District employee, Plaintiffs' claims against the District cannot stand. Moreover, liability under Section 1983 cannot attach to a municipality based upon the theory of *respondeat superior*. Rather, under *Monell*, Plaintiffs must allege independent acts by the municipality that caused the alleged constitutional violation in order for liability to attach. Plaintiffs fail to allege any independent action by the District which caused the alleged wrongs. Therefore, Plaintiffs have failed to state a claim against the District and the District is entitled to dismissal of Count One.

## II.     COUNT TWO FAILS TO STATE A *MONELL* CLAIM AGAINST THE DISTRICT OF COLUMBIA.

To the extent that Plaintiffs seek to bring suit against the District of Columbia for violations of the Fourth, Fifth, Eighth and Ninth Amendments to the Constitution, Plaintiffs have not properly stated a claim against the District. Any claim of constitutional tort must be brought pursuant to 42 U.S.C. § 1983, which is the vehicle for a constitutional claim for damages against a municipality. It is well-settled that "Congress did not intend municipalities to be held liable [for constitutional torts pursuant to § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978) (rejecting liability for municipalities and municipal officials under respondeat

superior theory).  To establish a Section 1983 claim that meets the *Monell* requirements, the

Plaintiffs must allege that the municipality adopted an unconstitutional policy, such as a statute

or regulation, that violates the constitutional rights of the individual, *Monell*, 436 U.S. at 694, or

a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of

law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).  A complaint that does not

allege such a policy or custom fails to allege a necessary element of liability to support a §1983

claim and must be dismissed.  *Dant v. District of Columbia*, 264 U.S. App. D.C. 284, 829 F.2d

69, 76 (D.C. Cir. 1987).

     In addition to alleging an unconstitutional policy or practice or deliberate indifference to

a need to train, to state a legally cognizable claim under Section 1983, the Plaintiffs must also

establish that the policy or custom at issue actually caused the constitutional injury in question.

*City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).  Plaintiffs' burden in this respect is

significant; they must plead that "deliberate action attributable to the municipality itself is the

'moving force' behind the plaintiff's deprivation of federal rights."  *Board of County Comm'rs v.*

*Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell*, 436 U.S. at 694; emphasis in original).  "A

showing of simple or even heightened negligence will not suffice" to establish municipal liability

for constitutional torts.  *Brown*, 520 U.S. at 407.

     Here, with respect to Count Two, Plaintiffs provide great factual detail of the alleged

sexual assaults by Defendants Gant and McKnight, but do not state a claim for municipal

liability under Section 1983 against the District.  First, Plaintiffs concede that the alleged

assaulters, McKnight and Gant, are CCA employees, not District employees and that CCA, not

the District, is responsible for hiring, training and supervising McKnight and Gant. (Complaint, ¶

15.)  Second, Plaintiffs do not allege any District "policy or procedure" that was the moving

force behind the alleged sexual assaults.  Third, Plaintiffs have not alleged that any District

official policymaker, with final policymaking authority sanctioned a specific unconstitutional

policy.  *See Triplett v. District of Columbia*, 323 U.S. App. D.C. 421, 108 F.3d 1450, 1453 (D.C.

Cir. 1997); (citing *Carter v. District of Columbia*, 254 U.S. App. D.C. 71, 795 F.2d 116, 122

(D.C. Cir. 1986)).  Fourth, Plaintiffs fail to allege that the District promulgated or condoned

policies that were deliberately indifferent to inmate safety. Finally, without a showing of  "an

existing unconstitutional municipal policy [by the District of Columbia]. . . attributed to a

municipal policymaker," "[p]roof of a single incident of unconstitutional activity is not sufficient

to impose liability under *Monell*."  *City of Oklahoma*, 471 U.S. at 820; *see also Pembaur*, 475

U.S. at 479-80 ("The 'official policy' requirement was intended to distinguish acts of the

municipality from acts of employees of the municipality, and thereby make clear that municipal

liability is limited to action for which the municipality is actually responsible.)  Thus here,

isolated events of alleged sexual assault by CCA employees do not suffice to establish that the

District promoted a custom, policy or practice which <u>caused</u> Plaintiffs to be allegedly assaulted.

At best, the facts in Plaintiffs Complaint relate to limited conduct by Defendants Gant

and McKnight, who were not employed by the District.  Nowhere in Plaintiffs' Complaint, is

there any allegation of a specific policy, custom or practice promulgated by the District that was

the moving force behind McKnight and Gant's alleged conduct. Specifically, Plaintiffs failed to

assert, anywhere, that the District of Columbia had a custom or policy of allowing non-District

employees to engage in alleged sexual misconduct with inmates detained at CCA.  Accordingly,

as a matter of law, any *Monell*  liability claims by the Plaintiffs fail.

**III.    <u>COUNT ONE AND TWO MUST BE DISMISSED BECAUSE THE ALLEGED
CONDUCT DOES NOT RISE TO THE LEVEL OF A CONSTITUTIONAL
VIOLATION.</u>**

Even if this Court did find that Plaintiffs' Complaint properly alleged a municipal policy

or custom of sexual abuse, Plaintiffs' constitutional claims must be dismissed because the

Plaintiffs are unable to establish an underlying constitutional violation by a District employee

pursuant to *City of Los Angeles v. Heller*, 475 U.S. at 796.  As outlined below, Plaintiffs have

specifically failed to assert that any District employee had the requisite state of mind to violate

Plaintiffs' constitutional rights, particularly under the Eighth Amendment.

In cases arising out of prison conditions, the Plaintiffs must prove that a District of

Columbia employee (who the Plaintiffs improperly failed to name in the Complaint) is one of

subjective "deliberate indifference" to the Plaintiffs' health and safety.  *Farmer v. Brennan*, 511

U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. at 302-03)).  The source of this requirement is

"the Eighth Amendment itself, which bans only cruel and unusual *punishment*."  *Wilson v. Seiter*,

501 U.S. 294, 300 (1991) (emphasis in original).  "If the pain inflicted is not formally meted out

*as punishment* by the statute or the sentencing judge, some mental element must be attributed to

the inflicting officer before it can qualify."  *Id.* (emphasis in original).

The "mental element" that must be proven is a stringent requirement.  In cases involving

prison conditions, to which the Plaintiffs' action is most applicable, the subjective test has been

described by the Supreme Court as follows:

> a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards an
> excessive risk to inmate health or safety; the official must both be
> aware of the facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and he must also draw the
> inference.  *Farmer*, 511 U.S. at 837.

Here, the Plaintiffs fail to identify a District employee who knew of or consciously

disregarded a substantial risk to Plaintiffs' safety thus causing Plaintiffs to allegedly be sexually

assaulted.  Moreover, Plaintiffs fail to allege facts to establish that the District knew of or

- 7 -

consciously disregarded a substantial risk of safety to Plaintiffs, thereby causing them harm.

Plaintiffs have similarly failed to plead any objective wrongdoing by the District. The Plaintiffs

only claim is that the District had a "non-delegable duty" to keep inmates from harm. This bare

conclusion, without supporting facts, and as not made against a specific District employee, is

insufficient to establish a prima facie constitutional claim against the District. Because Plaintiffs'

Complaint fails to causally connect deliberate indifference to the District, Counts One and Two

of Plaintiffs' Complaint fail to state a claim upon which relief may be granted and the District

must be dismissed.

## IV.    PLAINTIFFS' NEGLIGENT SUPERVISION AND HIRING, AND RAPE, ASSAULT AND BATTERY CLAIMS AGAINST THE DISTRICT FAIL.

Plaintiffs have asserted two common law claims against the District. The first, a claim of

negligent hiring and supervision. Second, Plaintiffs allege that the District is vicariously liable

for the conduct of former CCA employees Gant and McKnight.

The Restatement (Second) of Agency § 219 (1958), provides that a "master" or principal

is vicariously liable only "for the torts of his [or her] servants committed while acting in the

scope of their employment." To prevail on a *respondeat superior* theory of liability, Plaintiffs

must establish that a principal-agent relationship existed and that the agent's negligent act

occurred within the scope of the relationship. *Giles v. Shell Oil Corp.*, 487 A.2d 610, 611 (D.C.

1984). The person asserting that an employee-employer relationship exists, has the burden of

proof in establishing the relationship. *Henderson v. Charles E. Smith Management, Inc.*, 567

A.2d 59, 62 (D.C. 1989); *Smith v. Jenkins*, 452 A.2d 333, 335 (D.C. 1982). The District of

Columbia Courts have recognized several factors to be considered in determining an employee-

employer relationship, including: (1) the selections and engagement of the employee; (2) the

payment of wages; (3) the power to discharge the employee; (4) the power to control the

employee's conduct; and (5) whether the work is part of the regular business of the employer. *LeGrand v. Insurance Co. of North America*, 241 A.2d 734, 735 (D.C. 1968).

In this case, the District did not select or hire former CCA employees Defendants Gant or McKnight. The District did not pay Defendants Gant or McKnight any wages. Moreover, the District did not have the power to control Defendants Gant or McKnight or to discharge them. Instead, as admitted by the Plaintiffs, Defendants Gant and McKnight were employed by Corrections Corporation of America. And it was CCA, not the District, that hired, trained and supervised McKnight and Gant. (Complaint, ¶ 4, 15). Because here the District did not hire, train or supervise alleged rapists McKnight and Gant and furthermore did not have the authority to control, discipline or terminate these CCA employees, Plaintiffs fail to state an employee-employer relationship between the District and the individual CCA employees. Consequently, the District cannot be held liable for the conduct of the CCA employees based upon *respondeat superior* liability. Therefore, Plaintiffs' negligent supervision and hiring, and rape, assault and battery claims asserted against the District fail. Accordingly, Defendant's Motion to Dismiss must be granted.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendant District of Columbia, through undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), hereby move that this Honorable Court dismiss Plaintiffs' complaint against the District.

1750858.1

Dated: March 5, 2007

By:    s/Jennifer L. Holsman
       Daniel P. Struck, DC Bar No. CO0037
       Jennifer L. Holsman, DC Bar No. 495296
       JONES, SKELTON & HOCHULI, P.L.C.
       2901 North Central Avenue, Suite 800
       Phoenix, Arizona  85012
       Telephone:   (602) 263-1700
       Facsimile:    (602) 263-1784

       Paul J. Maloney, DC Bar No. 362533
       Colleen Durbin, DC Bar No. 500039
       CARR MALONEY, P.C.
       1615 L Street, N.W., Suite 500
       Washington, DC   20036
       Telephone:       (202) 310-5500
       Facsimile:        (202) 310-5555
       Attorneys for Defendants, *Corrections Corporation of America*

ORIGINAL of the foregoing
E-filed this 5th day of March, 2007.

By    /s/ Jennifer L. Holsman

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2007 a copy of the foregoing Notice of Appearance was

served by First Class U.S. Mail on the following parties:

> Thomas C. Hill
> Ashley McDonald
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> 2300 N. Street, N.W.
> Washington, D.C. 20037-1128
> *Attorneys for Plaintiffs*

> Philip Fornaci
> Deborah M Golden
> D.C. Prisoners' Project
> Washington Lawyers' Committee for Civil Rights
>     and Urban Affairs
> 11 Dupont Circle, Suite 400
> Washington, D.C. 20036
> *Attorneys for Plaintiffs*

> District of Columbia
> c/o Shana L. Frost, Assistant Attorney General
> 441 4th St., NW 6S051
> Washington, DC 20001
> *Attorneys for Defendant District of Columbia*

> Dwight Murray
> Jordan Coyne & Savits, L.L.P.
> 1100 Connecticut Avenue., N.W.
> Suite 600
> Washington, D.C. 20026
> *Attorney for Defendants McKnight and Gant*

_____    /s/Jennifer L. Holsman_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>                    Plaintiff,<br><br>          v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>                    Defendant. | Civil Action No. 1:06-cv-02203 |

## <u>ORDER</u>

Upon consideration of the Defendants' Motion to Dismiss the District of Columbia, and good cause appearing therein,

**IT IS HEREBY** ordered dismissing the District of Columbia as a party to this lawsuit, with prejudice, each party to bear its own costs and attorneys' fees.


Date:_____          _____
                                                    The Honorable Ellen S. Huvelle
                                                    United States District Judge