IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:06CV02203 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Plaintiffs Jane Doe and Jane Roe, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendant District of Columbia's (the "District's") Motion to Dismiss Plaintiffs' Complaint (the "Complaint"). The Memorandum of Points and Authorities in Support of the District's Motion to Dismiss (the "District's Memorandum") falls far short of approaching the standard that must be met to prevail on a motion to dismiss. Plaintiffs' Complaint sets forth sufficient facts to apprise the District of the nature of the claims against it, and alleges facts which, when proven, will be more than sufficient to support the legal claims that have been pled. The District's Motion to Dismiss should be denied.

I.  **BACKGROUND**

This case arises out of a series of rapes committed against two female inmates by correctional officers employed on behalf of the District. The correctional officers, Defendants Elry McKnight ("McKnight") and John Gant ("Gant") were employed by Defendant Corrections Corporation of America ("CCA"), which operates the Correctional Treatment facility ("CTF"),

the facility in which the rapes occurred. CCA operates CTF pursuant to a contract with the District.

The District is aware of the long and well-documented history of sexual abuse of female inmates perpetrated by employees of the District's correctional facilities, and the District has the non-delegable responsibility, as well as the ability, to prevent the commission of these wrongs. However, the District adopted policies and practices – and acquiesced in similar CCA policies and practices – of allowing male guards unsupervised access to female inmates and negligently hiring, training, and supervising employees and agents. The District's policies and practices amounted to deliberate indifference to the constitutional violations committed against female inmates by those employed on the District's behalf. As a direct result of the District's deliberate indifference to constitutional violations, Plaintiffs Roe and Doe were each raped while they were in custody.

On December 14, 2006, Plaintiffs Doe and Roe filed suit against the District, CCA, McKnight, and Gant. Plaintiffs' claims against the District include constitutional violations compensable by 42 U.S.C. § 1983, negligent supervision and hiring, and rape and assault and battery. On March 5, 2007, the District filed a motion to dismiss all counts against it for failure to state a claim, asserting that: (1) because the District did not directly hire, supervise, or train McKnight and Gant, the District is not liable for their alleged constitutional violations; (2) Plaintiffs failed to state a *Monell* claim against the District; (3) Plaintiffs' rapes do not rise to the level of a constitutional violation; and (4) because the District did not directly hire, supervise, or train McKnight and Gant, the District is not liable on Plaintiffs' tort claims of negligent supervision and hiring, rape and assault and battery.

The District's arguments regarding its liability are patently incorrect. First, ample case law holds that the District has a non-delegable duty to provide safe and humane treatment for the inmates in its care. The District cannot absolve itself of § 1983 liability through delegation of services to an independent contractor. Second, the Complaint properly states a *Monell* claim against the District. The Complaint alleges predicate constitutional violations, rapes of female inmates by correctional officers, and the Complaint asserts that the District's policies and practices, including allowing male guards unsupervised access to female inmates and negligently hiring, supervising, and monitoring employees and agents directly and proximately caused the rapes of Plaintiffs Doe and Roe. Finally, the District misunderstands the distinction between the sufficiency of factual allegations for purposes of a complaint, and what a plaintiff must ultimately establish in order to succeed at trial. The District's contentions regarding Plaintiffs' failure to *prove* facts necessary to succeed on their claims are simply not relevant to the Complaint's ability to withstand a motion to dismiss.

## II.  STANDARD OF REVIEW ON A 12(b)(6) MOTION

The District demonstrates confusion about the proper standard for evaluating a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The District repeatedly argues that that Plaintiffs have not or can not "establish" or "prove" a particular legal claim. *See, e.g.*, District's Memorandum at 7 ("Plaintiffs are unable to *establish* an underlying constitutional violation . . ."); District's Memorandum at 8 ("To *prevail* on a respondeat superior theory of liability . . .") (emphases added). At this stage of the proceedings, however, all Plaintiffs' Complaint need do is provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citing Rule 8(a)(2)). "As the text of

3

the rule thus makes clear, all that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity . . ." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215 (3d ed. 2004). Plaintiffs' Complaint fully satisfies this requirement, providing the District with a clear and concise statement of the factual allegations supporting each of their legal claims.

The District is incorrect to suggest that Plaintiffs bear the burden of "proving" or "establishing" their case at the pleadings stage. As the Supreme Court has noted, the simplified pleadings requirements are "made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48. Plaintiffs fully expect that through the discovery process, they will gather all the additional necessary evidence to prevail on each of their claims at trial. However, for purposes of evaluating a motion to dismiss at this early stage, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn in the pleading are drawn in favor of the pleader." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004); *see also Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (citing Wright & Miller and reversing district court's 12(b)(6) dismissal of prisoner plaintiff's § 1983 claims).

"In ruling on a 12(b)(6) motion, a court 'does not test whether plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim.'" *Scott v. District of Columbia*, 1999 U.S. Dist. LEXIS 21616 at *7 (denying District's motion to dismiss in case arising from death of prison inmate) (quoting *Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351,

4

353 (D.D.C. 1999). Plaintiffs' Complaint clearly provides the necessary factual basis of the legal claims asserted against the District. Plaintiffs do not have to "prevail" on their claims at the pleadings stage; they will "establish" the District's liability in due course. The Complaint is properly pled, and should not be dismissed.

### III.   PLAINTIFFS' § 1983 CLAIM AGAINST THE DISTRICT IS NOT BASED ON THE THEORY OF RESPONDEAT SUPERIOR.

The District argues that it cannot be held liable pursuant to 42 U.S.C § 1983 under a theory of respondeat superior. District's Memorandum at 3-4. Plaintiffs do not disagree. However, even a cursory reading of Plaintiffs' Complaint reveals that Plaintiffs' § 1983 claims against the District are not based on a theory of respondeat superior. The Complaint quite clearly states that "The District's duty to provide constitutional treatment to people it incarcerates is a non-delegable duty. The District is, therefore, liable for the constitutional wrongdoings of its contractors, including CCA." Complaint, ¶ 101.

Ample case law supports Plaintiffs' assertion that the District has a non-delegable duty to provide safe and constitutional treatment for the inmates entrusted to its care. As this Court has noted, "The District and the Department of Corrections cannot absolve themselves of their duties to District prisoners simply by contracting for the services of a third party, in this case CCA." *Scott, supra*, at *15 (denying dismissal of § 1983 claim against the District arising from death of inmate transferred to CCA facility in Ohio). *See also West v. Atkins*, 487 U.S. 42, 56 (1988) (constitutional obligation to avoid imposition of cruel and unusual punishment is non-delegable); *Herbert v. District of Columbia*, 716 A.2d 196, 200-201 (D.C. 1998) (en banc) ("the District's limited obligation under the Eighth Amendment not to inflict cruel and unusual punishment may not be avoided by delegation to an independent contractor.").

The District's duty to ensure the humane treatment of its prisoners is imposed by statute and by the U.S. Constitution. *See* 24 D.C. Code §211.02 ("The Department of Corrections under the general supervision of the Mayor of the District of Columbia shall . . . be responsible for the safekeeping, care, protection, instruction, and discipline of all persons" committed to incarceration by the District); *Daskalea v. District of Columbia*, 227 F.3d 433, 450 (D.C. Cir. 2000) ("when the State takes a person into its custody and holds [her] there against [her] will, the Constitution imposes upon it a corresponding duty to assume some responsibility for [her] safety and general well-being." (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989)). The District cannot avoid liability on Plaintiffs' constitutional claims by asserting that McKnight and Gant were not hired, supervised, or trained directly by the District.

## IV.  PLAINTIFFS HAVE APPROPRIATELY STATED A *MONELL* CLAIM AGAINST THE DISTRICT.

In determining whether Plaintiffs have stated a claim for municipal liability against the District, the Court conducts a two-step inquiry: "First, the court must determine whether the complaint states a claim for a predicate constitutional violation. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978)). The District argues that Plaintiffs have failed to state a *Monell* claim, insofar as rape of an incarcerated inmate by a correctional officer does not rise to the level of a constitutional violation. District's Memorandum at 6-8. The District further argues that Plaintiffs have failed to allege any District policy or procedure that was the "moving force"

6

(*Monell*, 436 U.S. at 694) behind the rapes. District's Memorandum at 4-6. Each of these contentions is patently incorrect.

### A. Rape Perpetrated by a Correctional Officer Against an Incarcerated Inmate Is a Violation of the Eighth Amendment.

In a prior case involving sexual abuse of female prison inmates in the District's correctional facilities, the District conceded that sexual assault of a female inmate by a correctional officer constitutes a violation of the Eighth Amendment. *Daskalea*, 227 F.3d at 440 ("The District does not dispute that the guards who [sexually] assaulted and tormented plaintiff violated her Eighth Amendment right to be free of 'cruel and unusual punishments.'"). *See also Newby v. District of Columbia*, 59 F. Supp. 2d 35 (D.D.C. 1999) (granting judgment as a matter of law for female prisoner plaintiff who brought § 1983 claim against District where plaintiff was forced by prison guards to participate in strip shows and engaged in sexual relationship with guard); *Women Prisoners of the D.C. Dept. of Corrections v. District of Columbia*, 877 F. Supp. 634 (D.D.C. 1994) (holding that incidents of sexual misconduct between employees at CTF and female prisoners coupled with inadequate response on part of District to "sexualized environment" in correctional facilities violated Eighth Amendment), *vacated in non-relevant part and remanded by* 93 F.3d 910 (D.C. Cir. 1996). Plaintiffs' rapes by these guards sufficiently state an Eighth Amendment violation as a predicate to their § 1983 claims against the District.

### B. The Complaint Sufficiently Alleges That a District Policy or Practice Caused Violations of Plaintiffs' Constitutional Rights.

The District also asserts that Plaintiffs have failed to allege any policy or practice that caused Plaintiffs' injuries, failed to identify a specific District policymaker who sanctioned a specific unconstitutional policy, and failed to allege that the District promulgated policies that were deliberately indifferent to inmate safety. District's Memorandum at 5-6. As an initial

7

matter, the District is once again mistaken about the standard Plaintiffs must meet at this stage in the case. Further, the District is flatly incorrect in its contention that Plaintiffs have failed to allege a specific municipal policy or practice giving rise to Plaintiffs' constitutional injuries.

  1. The Complaint's Allegations under *Monell* Are Sufficient to Withstand a Motion to Dismiss.

The District repeatedly – and wrongly – urges that Plaintiff's Complaint should be dismissed for failure to *prove* their case. As discussed above, at this stage of the proceedings, all Plaintiffs must do is make sufficient allegations to give the District fair notice of the basis of their legal claims. Plaintiffs satisfy this requirement by *alleging* specific municipal policies and practices that caused their constitutional injuries. *See* Complaint, ¶ 105 (the District adopted "a policy, custom, pattern, or practice of allowing male guards unsupervised access to female inmates and negligently hiring, supervising, training, and monitoring employees and agents"); *see also* Complaint, ¶ 106 ("The District and CCA took no reasonable actions to train, supervise, or monitor correctional officers to prevent them from repeating [prior incident of sexual misconduct], and the District and CCA failed to alter policies, practices, and procedures at CTF to prevent male staff unsupervised access to female inmates"); Complaint, ¶ 108 ("McKnight and Gant, as correctional officers at CCA, were acting under the direction and control of the District and CCA, and were acting pursuant to the policies, practice, and customs of the District and CCA"). Contrary to the District's assertion that "Plaintiffs do not allege any District 'policy or procedure' that was the moving force behind the alleged sexual assaults" (District's Memorandum at 5-6), Plaintiffs have clearly alleged specific municipal policies and practices that caused their constitutional injuries.

For purposes of a motion to dismiss, the Court must construe those allegations in the light most favorable to Plaintiffs, and must accept their allegations as true, drawing all reasonable

inferences in favor of Plaintiffs. 5 WRIGHT & MILLER at § 1357. Through the discovery process, Plaintiffs will gather more information to support their claims. Plaintiffs firmly believe that after discovery, they will be able to *prove*, as they have alleged, that District policies and practices caused violations of their constitutional rights.

    2.    **The District's Failure to Adequately Train, Supervise, and Monitor Employees Is a Policy or Practice That Can Give Rise to § 1983 Liability.**

The Supreme Court has held that a failure to adequately train and supervise employees can represent a policy for which a city is legally responsible. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A city's "inaction, including its failure to train or supervise its employees adequately, constitutes a 'policy or custom' under *Monell* when it can be said that the failure amounts to 'deliberate indifference' toward the constitutional rights of persons in its domain." *Daskalea*, 227 F.3d at 441; *see also Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988) (holding that liability under § 1983 "may be imposed on a municipality upon a showing of deliberate indifference exhibited by a pattern of inadequate training, supervision and discipline of police officers provided there is a causal connection between such inadequacies and the risk of harm to others."). "Deliberate indifference" is an objective standard, determined by whether the municipality knew or should have known of the risk of constitutional violations. *Baker*, 326 F.3d at 1306-07.

The District is clearly aware of the long and well-documented history of sexual abuse by prison guards against female inmates in the District of Columbia. *See Daskalea*, 227 F.3d at 437 ("This is not the first time the federal courts have reviewed charges of sexual abuse by D.C. correctional officers against female inmates."); *Newby*, 59 F. Supp. 2d 36-37 (describing prior federal court order that the District "take remedial steps to put an end to, and to prevent in the future, the gross abuses of the rights of female prisoners . . . throughout the city's correctional

9

system"); *Women Prisoners*, 877 F. Supp. at 639 ("Within the D.C. Department of Corrections . . . there is a general acceptance of sexual relationships between staff and inmates which creates a 'sexualized environment' where 'boundaries and expectations of behavior are not clear.'").

Plaintiffs have clearly alleged policies and practices for which the District may be held liable, and Plaintiffs have clearly alleged a causal link between these policies and Plaintiffs' injuries. *See* Complaint, ¶ 107 ("The conduct of the District and CCA was attributable to a final policymaker or amounted to a policy or custom that directly and proximately caused violations of Plaintiffs' rights and caused Plaintiffs to suffer injuries."; Complaint; ¶ 112 ("As a direct and proximate result of the actions of the District and CCA, Ms. Doe and Ms. Roe endured humiliation, physical injury, severe emotional distress, psychic trauma, and other injuries."). Plaintiffs have therefore satisfied all the *Monell* requirements for stating their § 1983 claims against the District.

## V. PLAINTIFFS' COMPLAINT SUFFICIENTLY STATES A CLAIM FOR NEGLIGENT SUPERVISION AND HIRING AND RAPE, ASSAULT, AND BATTERY.

The District asserts that Plaintiffs' tort claims of negligent supervision and hiring and rape, assault and battery must fail because alleged rapists McKnight and Gant were employees of CCA and not the District. However, the District cannot avoid liability to injured inmates by contracting away an essential service. As this Court has noted, "The District and the Department of Corrections cannot absolve themselves of their duties to District prisoners simply by contracting for the services of a third party, in this case CCA." *Scott, supra*, at *15. The District's duty to ensure the humane treatment of its prisoners is imposed by statute and by the U.S. Constitution. *See* 24 D.C. Code §211.02 ("The Department of Corrections under the general supervision of the Mayor of the District of Columbia shall . . . be responsible for the

safekeeping, care, protection, instruction, and discipline of all persons" committed to incarceration by the District).

The District cannot avoid liability to Plaintiffs by asserting that McKnight and Gant were hired, supervised, trained, and paid directly by a third party when the District failed to adequately supervise the third party it chose. Plaintiffs allege that the District failed to exercise reasonable care in the supervision of CCA ("On information and belief, DCDC has been aware of CCA's apathetic conduct in addressing and preventing rape, sexual harassment, and assault of individuals in its care, but DCDC has not taken any action." Complaint, ¶ 20; "On information and belief, DCDC was notified about Ms. Roe's rape but made no effort to improve the supervision of its agents or conduct any follow-up training with its employees and agents to prevent future incidents of rape, sexual assault, and harassment." Complaint, ¶ 91.) Plaintiffs' Complaint thus states tort claims of negligent supervision and hiring and rape, assault and battery upon which relief should be granted against the District. *See Scott, supra*, at *15 (holding that the Complaint, which alleged that the District and the Department of Corrections failed to supervise CCA's operation of the Ohio facility, stated a statutory claim upon which relief may be granted).

For all the reasons set forth above, Defendant District of Columbia has failed to meet the standards of Rule 12(b)(6). Therefore, its Motion to Dismiss should be denied.

DATED: March 19, 2007                    Respectfully submitted,

/s/ Ashley McDonald
_____
Thomas C. Hill (D.C. Bar #242974)
Ashley McDonald (D.C. Bar #486054)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000


Philip Fornaci (D.C. Bar #434824)
Deborah M. Golden (D.C. Bar #470578)
D.C. Prisoners' Project of the Washington Lawyers'
    Committee for Civil Rights and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
(202) 319-1000

Attorneys for Plaintiffs Jane Roe & Jane Doe

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007, a copy of the foregoing Plaintiffs' Opposition to Defendant District of Columbia's Motion to Dismiss was filed electronically and served via ECF on the following counsel:

Shana Lyn Frost
shana.frost@dc.gov

Jennifer L. Holsman
jholsman@jshfirm.com

Dwight D. Murray
d.murray@jocs-law.com

Daniel P. Struck
dstruck@jshfirm.com


/s/ Ashley McDonald
Ashley McDonald

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,            )<br>                              )<br>         Plaintiffs,          )<br>                              )<br>    v.                        )<br>                              )<br>DISTRICT OF COLUMBIA, *et al.*,)<br>                              )<br>         Defendants.          )<br>                              )  | Civil Action No. 1:06CV02203 (ESH) |

## ORDER

Upon consideration of Defendant District of Columbia's Motion to Dismiss, Plaintiffs' Opposition thereto, and the entire record herein, it is hereby:

**ORDERED** this ___ day of _____, 2007 that Defendant District of Columbia's Motion to Dismiss be, and hereby is, **DENIED**.

_____
Hon. Ellen S. Huvelle
United States District Court for the District of Columbia

SERVE:

Jennifer L. Holsman
Daniel P. Struck
JONES, SKELTON & HOCHULI PLC
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012


Shana Lyn Frost
OFFICE OF THE ATTORNEY GENERAL FOR
    THE DISTRICT OF COLUMBIA
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

400540512v1

Dwight D. Murray
JORDAN, COYNE & SAVITS LLP
1100 Connecticut Avenue, NW, Suite 600
Washington, DC 20036

400540512v1