UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

JANE DOE and JANE ROE,        :
                                    :
        Plaintiffs,         :
                                    :
        v.                  :    Case No.: 1:06-cv-02203 ESH
                                    :
CORRECTIONS CORPORATION OF    :
AMERICA, et al.,         :
                                    :
        Defendants.        :

**DEFENDANTS DISTRICT OF COLUMBIA AND CORRECTIONS
CORPORATION OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER AND MOTION TO RECONSIDER ORDER
ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYM**

Defendants District of Columbia ("District") and Corrections Corporation of America

("CCA"), through counsel, submit this Response in Opposition to Plaintiffs' Motion for

Protective Order and Motion to Reconsider Order Allowing Plaintiffs to Proceed Under

Pseudonym.  Defendants object to both of Plaintiffs' Motions as follows:

(1)   The terms of the Protective Order are overly restrictive and would severely impede

Defendants' ability to discover information about each Plaintiff's employment, educational,

criminal, medical, mental health and social background;

(2)   Plaintiffs made a decision to initiate this litigation against Defendants and should

not be allowed to hide behind a cloak of anonymity;

(3)   Plaintiffs' identities have already been disclosed as a result of FOIA requests,

letters from Plaintiffs' counsel, the Notices of Claim, comments made by one of the Plaintiffs in

open court during her sentencing hearing, as well as CCA and police investigations identifying

each Plaintiff by name;

(4)     Should the Court allow the Plaintiffs to proceed as Doe or Roe, Defendants will be prejudiced by the inference of wrongdoing by the Defendants; and

(5)     Plaintiffs' use of fictitious names is contrary to the public's common law right of access to judicial proceedings and FED.R.CIV.P. 10(a).

This Motion is supported by the following Statement of Points and Authorities.

## STATEMENT OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND.

Plaintiffs filed a Motion to Proceed Under Pseudonym as "Jane Doe" and "Jane Roe" on December 12, 2006, simultaneous with the filing of their Complaint.  Plaintiffs asserted that their need for anonymity was because they "are alleging in this case that they each were sexually assaulted by correctional officers at the Correctional Treatment Facility (CTF).  Each will suffer further humiliation, embarrassment, derision in the community, and possibly physical danger, if her true identity is released to the public."  The Court granted Plaintiffs' Motion on December 14, 2006, until further order of the Court.

Plaintiffs thereafter filed their Protective Order on December 14, 2006, in which they proposed the following limitations in this case:

1.     "Confidential Information" is identified as: "any documents, testimony, or material containing or reflecting Plaintiffs' true identities, including without limitation documents, testimony, or materials containing or relating to Plaintiffs' names or other identifying information.

2.     "Highly Confidential Information" is identified as "any documents, testimony, or material relating to Plaintiffs' location or contact information, including but not limited to

2

information relating to Plaintiffs' addresses, phone numbers, social security numbers, or other location or contact information."

3.    The parties may only disclose "confidential" information (as identified above) to the:

(1)    Defendants in this action;

(2)    the members of, attorneys associated with, and employees of the law firms that enter appearances in this action;

(3)    experts, consultants, or assistants retained or employed by any party for the purposes of this action; or

(4)    the Court.

4.    Any person who receives "confidential information" is required to "certify in writing that he or she has read [the Protective Order], understands it, and agrees to be bound by its terms."

5.    "Highly Confidential Information" (as identified above) "is to be disclosed only to counsel of record in this action.

6.    The "restrictions" as set forth in the Protective Order "shall apply to information that a party acquires from a third party lawfully possessing such information or that lawfully was possessed by a party prior to discovery in this action."

Defendants object to Plaintiffs' Motions as unnecessary and prejudicial to the defense of this case.

## II.    LEGAL ARGUMENT.

Rule 26(c) states that a Protective Order may be requested to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense."[1]

Both Plaintiffs' Motion for Protective Order and Motion to Proceed Under Pseudonym make allegations of "fear, retaliation and harassment from the men who sexually assaulted them and from other employees of Defendants." Plaintiffs' Motion for Protective Order, however, seeks protection against disclosure of identifying information of Plaintiffs, including Plaintiffs' home addresses and telephone numbers. Although Defendants have no objection with keeping Plaintiffs' home addresses and telephone numbers "confidential," Defendants do object to the remaining restrictive terms of the Protective Order, as well as the Motion to Proceed Under Pseudonym.

As outlined above, the terms of Plaintiffs' Protective Order are overly restrictive for several reasons. First, the terms of the Protective Order will severely impede Defendants' discovery efforts to obtain information about Plaintiffs' employment, educational, criminal, medical, mental health and social background. This information is crucial to the defense of this matter. By the terms identified in Plaintiffs' Protective Order, Defendants would be:

    (1)    unable to issue subpoenas (as Plaintiffs' identities would be protected);

    (2)    unable to obtain records through releases and FOIA requests regarding each Plaintiff (as Plaintiffs' identities would be protected);

    (3)    unable to conduct a third party investigation into each Plaintiff's background (as Plaintiffs' identities would be protected); and

    (4)    limited in their ability to obtain information from potential witnesses.

---

[1] Plaintiffs' Motion for Protective Order misquotes Rule 26 by adding "harassment" as a criteria for requesting a Protective Order. "Harassment" is not included in Rule 26(c).

Moreover, as proposed by Plaintiffs, each document identifying the Plaintiffs by name would be filed under seal with the Court. The restrictions proposed by Plaintiffs' are simply unnecessary, will result in countless hours to comply with the Order and is an overly restrictive attempt to limit, undermine and frustrate Defendants' discovery efforts. Indeed, the Protective Order as proposed will make it impossible for Defendants to mount an adequate defense in this matter.

Second, the Plaintiffs initiated this litigation against the Defendants. Of note, a newspaper article, for which Plaintiff Doe provided an interview and was quoted throughout, appeared in the Washington Post the same day that this lawsuit was filed against the Defendants.[2] Although the District, CCA and Defendants McKnight and Gant were each identified, the Plaintiffs have been able to shield themselves from any media coverage. This is inherently unfair and has allowed the Defendants to be targeted and persecuted in the community. As a result of Plaintiffs' decision to file this lawsuit, Plaintiffs should not now be allowed to hide behind a cloak of anonymity.[3]

Third, Plaintiffs have not kept their identities or their intention to file a lawsuit "private" in this case. Each Plaintiff filed a FOIA request which identified them by name.[4] Plaintiffs' counsel has identified their clients by name in correspondence to Defendants' Warden and which

---

[2] *See* newspaper article, attached hereto as Exhibit A.

[3] *See*, *United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995): ("Although it is within the discretion of the district court to grant the 'rare dispensation' of anonymity against the world (but not the plaintiff), even in that situation the court has a 'judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.' *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). As part of this inquiry, the court should take into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." (internal citations omitted).

[4] *See* FOIA requests by the Plaintiffs, attached hereto as Exhibit B.

was copied to numerous individuals.[5]  Each Plaintiff filed a Notice of Claim which identified

them by name.[6]  Each Plaintiff has had their claims investigated by the DC Metropolitan Police

Department, in which there are "public" documents available.  One of the Plaintiffs informed her

sentencing judge of the rape in open court[7].  CCA conducted an internal investigation into the

allegations, which identified both Plaintiffs.  Thus, the "horse is out of the barn" regarding the

identity of the Doe and Roe Plaintiffs in this case.  To protect their already well known identities

from Defendants and Defendants' employees is, therefore, unnecessary.

Fourth, should the Court allow Plaintiffs to proceed as "Doe" and "Roe" in front of a

jury, there will be an implication that the Court has made a determination of some type of

wrongdoing by the Defendants based upon Plaintiffs' "protected status."    Defendants are

vigorously contesting that these incidents occurred in the first place.  If the Court introduces

Plaintiffs as "Doe" and "Roe" to the jury, the jurors will most likely believe that the Court has

determined

that they were sexually assaulted.  As a result, Defendants will be severely prejudiced at trial if

the Court allows Plaintiffs to continue this matter under pseudonyms.

In addition, numerous courts have held that Plaintiffs should not be allowed to proceed

under a pseudonym. [8]   Indeed, the <u>only</u> reported decision cited by Plaintiffs in support of their

Motion which addressed the issue of proceeding under a pseudonym is easily distinguished from

---

[5] *See* correspondence from Deborah Golden to Fred Figueroa dated June 27, 2002, attached hereto as Exhibit C.

[6] *See* Affidavit of Shana Frost regarding Plaintiffs' Notices of Claim, attached hereto as Exhibit D, as well as the Notice of Claim letter to Anthony Williams attached as Exhibit E.

[7] *See* Plaintiffs' Complaint, ¶ 57.

[8] *See, Doe v. Hartz*, 52 F.Sup.2d 1027 (N.D. Iowa 1999); *Doe v. Shaker*, 164 F.R.D. 359 (E.D. N.Y. 1996); *Doe v. Bell Atlantic Bus. Sys. Servs.,* 162 F.R.D. 418 (D. Mass. 1995); *Doe v. Univ. of Rhode Island*, 28 Fed.R.Srv.3d366

the case at bar.  In *Does I-XXIII v. Advanced Textile Corp.,*[9] the plaintiffs were 23 workers in Saipan's garment industry who were suing defendants for violations of the Fair Labor Standards Act.  The plaintiffs were all non-residents of Saipan—they are either from the People's Republic of China or Bangladesh.[10]   The Court, while noting that the "plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings,"[11] determined that the district court erred in failing to balance the need for anonymity against the general presumption that parties identities are public information and the risk of unfairness to the opposing party.[12]  The 9th Circuit determined that the Plaintiffs' proffered evidence of retaliation regarding actual violence, threatened violence, deportation to China and arrest upon arrival in China, were sufficient to allow plaintiffs to proceed anonymously, although the court left the door open for defendants to renew their Motion to Dismiss.[13]

Here, Plaintiffs have not nearly the compelling arguments that the plaintiffs in *Advanced Textile* alleged.  There is no likelihood of retaliation from Defendants, nor has any occurred.  Other than Ms. Doe's concern that she would be embarrassed if her school-aged children find out about the allegation, the Plaintiffs have set forth no legitimate reason why they should be granted anonymity in this lawsuit.

Fifth, FED.R.CIV.P. 10(a) requires that a Complaint "include the name of all the parties."[14]  In addition, the public has a right of access to judicial proceedings.[15]  Plaintiffs here

---

(D.R.I. Dec. 28 1993).
[9] *Does I-XXIII v. Advanced Textile Corp.,* 214 F.3rd 1058 (9th Cir. 2000).
[10] *Id.* at 1063.
[11] *Id.* at 1067 citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 590-99 (1978).
[12] *Id.* at 1068.
[13] *Id.* at 1073.
[14] FED.R.CIV.P. 10(a)

simply have not presented sufficient evidence or argument for the Court to grant the "rare dispensation of anonymity."[16]    As a result, the Court should deny Plaintiff's Motion For Protective Order and reconsider the Order allowing plaintiffs to proceed under pseudonym.

## III.    CONCLUSION.

Defendants CCA and the District of Columbia respectfully request that the Court deny Plaintiffs' Motion for Protective Order as written.  Defendants CCA and the District of Columbia have no objection to protecting the addresses of Plaintiffs from disclosure to Defendants Gant and McKnight, but the Protective Order as proposed by Plaintiffs severely impedes Defendants' ability to conduct discovery in this case.  These Defendants also request that the Court reconsider the Order allowing Plaintiffs to proceed under pseudonyms, as the factors which might allow them to proceed anonymously simply do not outweigh the prejudice to Defendants and the presumption of public disclosure.

|  | Respectfully submitted, |
|---|---|
| JONES, SKELTON & HOCHULI, P.L.C. | CARR MALONEY P.C. |
| _____/s/_____ | _____/s/_____ |
| Jennifer Holsman, #495296 | Paul J. Maloney, #362533 |
| Daniel Struck, #CO0037 | Mariana D. Bravo, #473809 |
| 2901 N. Central Avenue, Suite 800 | Colleen Durbin, #500039 |
| Phoenix, Arizona 85012 | 1615 L Street, N.W., Suite 500 |
| (602) 263-1700 (telephone) | Washington, D.C.  20036 |
| (602) 263-1784 (facsimile) | (202) 310-5500 (telephone) |
|  | (202) 310-5555 (facsimile) |

---

[15] *See, Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-599 (1978); *EEOC v. Erections Co., Inc.,* 900 F.2d 168, 169 (9th Cir. 1990)

[16] *See, James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Opposition to Plaintiffs' Motion for Protective Order was filed electronically this 26th day of March, 2007 to:

Thomas A. Hill, Esquire
Ashley McDonald, Esquire
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C.  20037-1128

Philip Fornaci, Esquire
Deborah M. Golden, Esquire
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 DuPont Circle, N.W., Suite 400
Washington, D.C.  20036

Shana Frost, Esquire
Assistant Attorney General
District of Columbia
441 4th Street, N.W.
6S051
Washington, D.C.  20001

Dwight Murray, Esquire
Jordan Coyne & Savits, LLP
1100 Connecticut Avenue, N.W., Suite 600
Washington, D.C.  20036

Jennifer Holsman, Esquire
Daniel Struck, Esquire
Jones, Skelton & Hochuli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012


                              /s/
                    _____
                    Paul J. Maloney

**9**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| JANE DOE and JANE ROE, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:06-cv-02203 ESH |
| | : | |
| CORRECTIONS CORPORATION OF | : | |
| AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |

# O R D E R

UPON CONSIDERATION of the defendants, District of Columbia and Corrections Corporation of America's Opposition to Plaintiff's Motion for Protective Order and Motion to Reconsider Order Allowing Plaintiffs to Proceed Under Pseudonym, it is by this Honorable Court this ____ day of _____, 2007

ORDERED, that defendants' Opposition be, and the same hereby is GRANTED; and it is further

ORDERED, that plaintiffs proceed in this litigation using their proper names, and that only their home addresses and telephone numbers will be kept confidential.

_____
Hon. Ellen S. Huvelle

Copies on next page:

cc:    Paul J. Maloney, Esquire
Mariana D. Bravo, Esquire
Colleen E. Durbin, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036

Thomas A. Hill, Esquire
Ashley McDonald, Esquire
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C.  20037-1128

Shana Frost, Esquire
Assistant Attorney General
District of Columbia
441 4th Street, N.W.
6S051
Washington, D.C.  20001

Philip Fornaci, Esquire
Deborah M. Golden, Esquire
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 DuPont Circle, N.W., Suite 400
Washington, D.C.  20036

Jennifer Holsman, Esquire
Daniel Struck, Esquire
Jones, Skelton & Hochuli, PLC
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012

# EXHIBIT A:
# Newspaper Article

**washingtonpost.com**

# Two Women Sue D.C., Alleging Rape by Jail Guards

Advertisement

Contractor That Runs Facility Also Named

By Carol D. Leonnig
Washington Post Staff Writer
Thursday, December 14, 2006; DZ01

Two former female inmates at the D.C. Correctional Treatment Facility sued the District and jail officials last week, claiming that male guards took them to isolated parts of the jail and raped them.

The women are suing under the anonymous names Jane Doe and Jane Roe. They say the District and Corrections Corp. of America (CCA), the private contractor the city hired to run the jail, are responsible for the alleged rapes because of their failure to supervise and train guards and properly investigate allegations of sexual misconduct. The suit is also filed against the two jail guards whom the women allege raped them: Elry McKnight and John Gant.

The two women are alleging violations of their civil rights, emotional distress and battery, and are seeking compensatory and punitive damages.

Doe, a Maryland woman in her late 30s, alleges that McKnight raped her twice in April 2002 in a staff bathroom -- first while escorting her alone to her cell as she returned from a court hearing, and next when he pretended that he needed to take her to obtain a new identification badge. She was serving time for selling heroin.

Roe, a D.C. resident, alleges that Gant forced her to perform oral sex on him in a jail broom closet in December 2003. Roe said Gant was able to easily separate her from others by asking a female corrections officer to let him speak with Roe privately in the hallway. Roe, who was serving time on drug possession charges, was released in January 2004.

Doe, who has seven children and three grandchildren whom she hasn't told about the incident, said in an interview that she struggled over whether to sue the city. She said she worried about having to come forward and revisit an episode that has caused her panic attacks ever since, but decided to do so because her initial complaint was ignored. In the lawsuit, she alleges that she called 911 twice to get a police officer to come to the jail, but no one came.

"It's like they want to hide everything that happened," Doe said. "If you hide something, it will happen to a lot of people."

Beverly Young, a spokeswoman for the D.C. Department of Corrections, said the city agency and its personnel cannot comment on pending litigation.

A spokesman for CCA said the company was not aware of the suit and could not comment.

The suit claims that the corrections department and CCA treated the two women poorly in investigating their claims. Doe was taken to see CTF Warden Fred Figueroa, and McKnight was eventually suspended with pay during an investigation, according to the suit. Doe was given no information about the investigation for three months, until she complained in June 2002 to her sentencing judge that she had been raped in the detention facility, the suit alleges. The suit also alleges that McKnight eventually was fired for smuggling contraband to inmates.

"I couldn't believe they [paid] no mind to me. They thought I was going to be deported," said Doe, who grew up

in the Dominican Republic but is a U.S. citizen. "They just didn't care. They thought I was a criminal. "

Doe said she has stayed away from drugs since her release and is trying to get a job as a construction apprentice. She said she knows she was guilty of her crime and had to pay by doing time.

"I'm not mad that I was put in jail. But I was so shocked. I didn't know you had to give them sex, too," she said.

Roe was not available to be interviewed, but her part of the suit claims that Gant told her she had to do what he said or he could use his power in the records office to lengthen her stay in jail. CTF officers offered to put Roe in a kind of solitary confinement when she asked for protection from Gant, the suit says, but he ultimately resigned from CCA rather than give a statement regarding the alleged rape.

Deborah M. Golden, a lawyer with Washington Lawyers' Committee for Civil Rights, who is a lead attorney on the suit, said the District and CCA had a duty to set up procedures to reduce the risk that inmates at the CTF would be sexually harassed or raped and to take substantive action when inmates made rape allegations.

Golden, who is working on the case with pro bono counsel Thomas C. Hill, a partner at the Pillsbury Winthrop Shaw Pittman law firm, said the women's claims weren't treated with the seriousness they deserved.

"You can't train someone not to be a rapist," Golden said. "But you can set up procedures whereby lone women can't be taken out of their cells by a lone officer. You can stop officers from taking advantage of people who are incarcerated. You can train people to be alert to signs of trauma in the population."

The legal team said it hopes to get top-level officials to take action to address sexual exploitation, a problem that has long plagued jails and prisons around the country.

"Neither woman disputes their crime," Golden said. "But that doesn't mean rape was part of their sentence."

© 2006 The Washington Post Company

# Exhibits B-E
# filed under seal pursuant to Rule LCvR5.1(j)(1)