IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>        Plaintiff,<br><br>   v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>        Defendant. | Civil Action No. 1:06-cv-02203 |

**DEFENDANT DISTRICT OF COLUMBIA'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant District of Columbia (the "District"), through counsel and pursuant to Fed.R.Civ.P. 12(b)(6), hereby submits its Reply in Support of its Motion to Dismiss. This Court should grant the District's Motion to Dismiss because: (1) Plaintiffs' Complaint fails to state a Section 1983 claim against the District, as Plaintiffs allege respondeat superior liability, and plead no facts that support that the District violated Plaintiffs' constitutional rights; (2) Plaintiffs' Complaint fails to state a Section 1983 claim against the District under *Monell* because Plaintiffs fail to allege a District policy or custom for which the District is responsible; and (3) Plaintiffs' Complaint fails to state tort claims of negligent hiring and supervision, rape, assault and battery because Plaintiffs allege conduct not attached to the District.

**STANDARD OF REVIEW**

In their Response, Plaintiffs assert that the District demonstrates confusion regarding the

proper standard for evaluating a motion to dismiss for failure to state a claim.[1]  Contrary to Plaintiffs' assertion, the District correctly asserts that a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), should be granted when "it appears beyond doubt that the plaintiff can *prove* no set of facts in support of his claim which would entitle him to relief."[2]  A motion to dismiss tests the legal sufficiency of a complaint.[3]  Thus, a motion to dismiss should be granted where "it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to *prove* any set of facts that would justify relief."[4]

Although Fed. R. Civ. P. 8(a)(2) only requires a plaintiff to set forth a short and plain statement of her legal claims in a complaint, the claim must, nevertheless, be pled in a manner showing that the plaintiff is entitled to relief.[5]  Thus, even a plaintiff who pleads her claim with particularity can plead herself out of court where she alleges facts showing no claim.[6]  Although Plaintiffs' Complaint sets forth numerous detailed allegations, none of them establish a claim against the District.  In short, all allegations of wrongdoing are connected to Co-Defendant Corrections Corporation of America ("CCA") and its employees, not the District.  The District did not hire, employ, or supervise the correctional officers who allegedly raped Plaintiffs.  Because the Plaintiffs have failed to state a claim upon which relief may be granted against the District, the Plaintiffs' complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFFS FAIL TO STATE A § 1983 CLAIM AGAINST THE DISTRICT

To state a 42 U.S.C. § 1983 claim against a municipality, a plaintiff must allege facts

---

[1] *See* Plaintiffs' Response at 3.
[2] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)(emphasis added).
[3] *See Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. App. 2003)("Kingman Park").
[4] *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. App. 1987)(emphasis added).
[5] *See* Fed. R. Civ. P. 8(a)(2).
[6] *See Kingman Park*, 348 F.3d at 1041; see also 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215 (3d ed. 2004)(If a plaintiff does plead particulars, and they show he has no claim, then the plaintiff has pleaded himself out of court).

satisfying the requirements of *Monell v. Department of Social Services*.[7] Specifically, a plaintiff must allege facts showing that the municipality's "'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,'" caused the injury from which the claim arose.[8] A municipality's liability attaches under Section 1983 *only where* "a deliberate choice to follow a course of action is made from among various alternatives by city policymakers."[9] Thus, where a plaintiff seeks to hold a municipality liable solely because the municipality's employee or agent inflicted an injury, there is no liability against the municipality.[10] Further, where a municipal employee does not violate a plaintiff's constitutional rights, there is no claim against the municipality.[11] Here, Plaintiffs have not alleged an underlying constitutional violation by a District employee. Therefore, Plaintiffs *Monell* claim should be dismissed.[12]

### A. **Plaintiffs' Complaint alleges respondeat superior liability against the District.**

Plaintiffs concede that the District cannot be liable for a claim asserted under Section 1983 under the theory of respondeat superior.[13] Plaintiffs argue that the District had a duty to provide constitutional treatment to its prisoners, and thus, is responsible for the actions of the CCA employees.[14] Again, Plaintiffs' Complaint fails to allege independent acts by the District showing that the District failed to carry out its constitutional duties. Imposing a constitutional violation on the District simply because the alleged violators were employees of an independent

---

[7] 436 U.S. 658, 98 S. Ct. 2018 (1978).
[8] *See Gabriel v. Corrections Corp. of America,* 211 F.Supp.2d 132, 138 (D.D.C. 2002)(*citing Monel,* 436 U.S. at 694).
[9] *See Gabriel*, 211 F.Supp.2d at 138 (*quoting City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989))(emphasis added).
[10] *See Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under 1983 for an injury inflicted solely by its employees or agents..").
[11] *See City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571 (1986).
[12] *See id.* at 799.
[13] *See* Plaintiffs' Response at 5.
[14] *See* Plaintiffs' Response at 5-6.

contractor hired by the District, is an impermissible attempt by Plaintiffs to subject the District to respondeat superior liability.[15] Because Plaintiffs' Complaint seeks to impermissibly hold the District vicariously liable for the actions of non-District employees,[16] Plaintiffs' Section 1983 claim cannot survive dismissal.[17] Accordingly, this Court should dismiss Plaintiffs' Section 1983 claim with prejudice.

### B. <u>The District did not violate Plaintiffs' Constitutional Rights.</u>

To attach a constitutional violation to the District in the prison conditions context, Plaintiffs must show that the *District* violated Plaintiffs' constitutional rights by acting with deliberate indifference to their health and safety.[18] Here, Plaintiffs assert that the alleged sexual assault violated their constitutional rights under the Eighth Amendment.[19] Plaintiffs' Complaint, however, alleges that individuals *not* employed by the District committed the alleged assault;[20] and that another entity, not the District, was responsible for hiring, training, and the day-to-day supervision of the alleged rapists.[21] As such, Plaintiffs fail to allege sexual or other misconduct by a *District* employee that led to the alleged sexual assault. Although Plaintiffs' Complaint alleges liability against the District for failing to instruct the alleged rapists and for negligently hiring, training, and supervising them, Plaintiffs concede that CCA was alone responsible for and had a duty to perform those duties because the alleged rapists were CCA employees.[22] Thus, at best, Plaintiffs' Complaint connects the alleged constitutional violation to CCA, not the District. Because Plaintiffs' Complaint fails to allege an independent constitutional violation by a District

---

[15] *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989)("respondeat superior liability or vicarious liability [against a municipality] will not attach under [section] 1983."(*citing Monell*, 436 U.S. at 694-695.).
[16] *See* Plaintiffs' Complaint at ¶101.
[17] *See Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under 1983 for an injury inflicted solely by its employees or agents..").
[18] *See Farmer v. Brennan*, 511 U.S. 825, 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 302-03)).
[19] *See* Plaintiffs' Response at 7.
[20] *See* Plaintiffs' Complaint at ¶11-12, and 73.
[21] *See* Plaintiffs' Complaint at ¶ 15.
[22] *See* Plaintiffs' Complaint at ¶ 10.

employee, there is no claim against the District. Because Plaintiffs have failed to allege any underlying constitutional violation on the part of a District employee, the Court must dismiss the *Monell* claim against the District.[23] Therefore, Plaintiffs' Section 1983 claim must be dismissed against the District with prejudice.

   C. **Plaintiffs' Complaint fails to state a Section 1983 claim against the District under *Monell*.**

As stated above, to establish a Section 1983 claim against a municipality, Plaintiffs must allege facts showing that a custom or policy of the municipality was the "moving force" behind their constitutional injuries.[24] Specifically, Plaintiffs must allege facts showing that an official policy or practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law" caused the violation of their constitutional injuries.[25]

    1. **Plaintiffs' Complaint does not allege a District policy or custom.**

In order to proceed on a *Monell* liability claim against a municipality, a plaintiff must first allege the existence of a municipal policy or custom.[26] *Monell* requires an "official policy" in order to distinguish acts of a municipality from acts of its employees, thus making it clear that municipal liability is limited to action for which the municipality is actually responsible.[27] Thus, where a complaint fails to identify an official municipal policy or custom, a court must dismiss the complaint because it fails to allege a necessary element to support a Section 1983 claim.[28]

In their Response, Plaintiffs argue that they asserted allegations in their Complaint identifying a policy or custom of the District that satisfies *Monell*.[29] These allegations are conclusory and unsupported by the factual allegations in Plaintiffs' Complaint. Contrary to what

---

[23] *See Los Angeles*, 475 U.S. at 799.
[24] *See Monell,* 436 U.S. at 694.
[25] *See id.*
[26] *See Gabriel*, 211 F.Supp.2d at 139.
[27] *See Pembaur v. City of Cincinatti*, 475 U.S. 469, 479-80 (1986)(citing *Monell*, 436 U.S. at 694).
[28] *See Dant. v. District of Columbia*, 264 U.S. App. D.C. 284, 829 F.2d 69, 76 (D.C. Cir. 1987).
[29] *See* Plaintiffs' Response at 8.

Plaintiffs argue, the District is not asking the Court to require Plaintiffs to prove their claims in their Complaint, but only to allege facts attaching the alleged constitutional violation to the *District*, not another entity.  Although Plaintiffs argue and allege that the District had a policy, custom, pattern, or practice of allowing male guards unsupervised access to female inmates,[30] Plaintiffs allege isolated instances of misconduct by non-District employees.  Plaintiffs' allegations neither pertain to specific acts by the District nor point to an official policy or practice of the District that amounted to a policy of allowing conduct that would result in the alleged constitutional violation.  Instead, Plaintiffs point to three cases showing other incidents of sexual misconduct in prison facilities within the District of Columbia.[31]  Giving Plaintiffs the benefit of all inferences that can be reasonably drawn in their favor, those cases reflect the conditions in the District's correctional facilities in 1993 and in 1995 and the District's actions at that time, not seven years later in 2002.[32]  Further, Plaintiffs allegation that the alleged rapists were "acting pursuant to [District] policies, practices and customs"[33] is not specific enough to withstand dismissal.[34]  To properly state a claim under Section 1983 alleging municipal liability, Plaintiffs' Complaint must include some factual basis for the allegation of a municipal policy or custom.[35]

Finally, Plaintiffs Complaint fails to allege facts showing that the District acted with deliberate indifference.  Although Plaintiffs' Complaint alleges that the District's conduct

---

[30] *See* Plaintiffs' Complaint at ¶ 31.
[31] *See* Plaintiffs' Complaint at 31; Plaintiffs' Response at 6-10 (*citing Daskalea v. District of Columbia*, 227 F.3d 433 (D.C. Cir. 2000), *Newby v. District of Columbia*, 59 F.Supp. 2d 35 (D.D.C. 1999), and *Women Prisoners of the D.C. Dept. of Corrections v. District of Columbia*, 877 F.Supp. 634 (D.D.C. 1994)).
[32] *See Daskalea*, 227 F.3d at 437; *Newby,* 59 F.Supp. 2d at 35; and *Women Prisoners of the D.C. Dept. of Corrections v. District of Columbia*, 877 F.Supp. at 634.
[33] *See* Plaintiffs' Response at 8.
[34] *See Gabriel*, 211 F.Supp.2d at 138-139; *see also Miller v. Barry*, 698 F.2d 1259, 1261 (D.C. Cir. 1983)("[t]he mere assertion that the [municipality's employee or agent who caused the harm] 'was acting fully within the scope of employment and pursuant to the policies of defendant' is not specific enough to withstand dismissal").
[35] *See id.* at 138; *see also Atchinson* v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).

amounted to deliberate indifference to the Plaintiffs' Fourth, Fifth, Eighth, and Ninth Amendment rights,[36] Plaintiffs' Complaint must do more than allege in a conclusory fashion that the District was deliberately indifferent.[37] "Plaintiffs must, at a minimum, allege facts sufficient to *establish* that the [District] possessed a total unconcern for [the Plaintiffs'] welfare in the face of serious risks."[38] Plaintiffs argue that discovery is the tool for establishing their claim against the District; however, Plaintiffs cannot state a claim against the District based on mere conclusory allegations.[39] Thus, because Plaintiffs' Complaint fails to allege facts showing that an official District policy or practice "so permanent and well settled as to constitute a custom or usage with the force of law" caused the alleged rape of Plaintiffs, Plaintiffs' Section 1983 claim must be dismissed against the District with prejudice.

      2.    **Plaintiffs' Complaint fails to allege facts supporting a policy or custom of inadequate training against the District.**

In their Response, Plaintiffs rely on *City of Canton v. Harris* ("*City of Canton*") to establish that a municipality can be liable under section 1983 for inadequate training and supervising its employees.[40] *City of Canton* stands for a rule relating only to inadequate training.[41] Nevertheless, even if the court extends *City of Canton* beyond inadequate training, a municipality can only be liable under Section 1983 if its training policies amount to deliberate indifference and those policies cause a violation of an individual's constitutional rights.[42]

The *City of Canton* sets forth two scenarios in which inadequate training may constitute deliberate indifference: (1) where the need for more or different training is "so obvious, and the

---

[36] *See* Plaintiffs' Complaint at ¶111.
[37] *See Gabriel*, 211 F.Supp.2d at 139.
[38] *See id.; see also Pryor-El v. Kelly*, 892 F.Supp. 267, 268 (D.D.C. 1995)(*citing Helling v. McKinney*, 509 U.S. 25, 33-34, 113 S.Ct. 2475 (1993)).
[39] *See Haynesworth*, 820 F.2d at 1254.
[40] *See* Plaintiff's Response at 9.
[41] *See City of Canton*, 489 U.S. at 388.
[42] *See City of Canton*, 489 U.S. at 392.

inadequacy so likely to result in the violation of constitutional rights" that failure to do so can properly be characterized as deliberate indifference; and (2) where a municipality's employees so often violate constitutional rights that the need for further training is plainly obvious to municipal policymakers.[43]  Plaintiffs rely on *Daskalea*, *Newby*, and *Women Prisoners* to demonstrate conditions at the District's facilities.[44]  As stated previously, these cases reflect conditions in the early to mid-1990s.  Plaintiffs Complaint fails to allege facts showing that, at the time of the alleged assault in this case, the conditions at the District's facilities reflected a pattern that the District inadequately trained its employees or that District employees often violated prisoners' constitutional rights.  Therefore, Plaintiffs' reliance on other cases not involving Plaintiffs, or more importantly, the District <u>and</u> CCA, along with blanket allegations, that the District's conduct amounted to deliberate indifference to Plaintiffs constitutional rights[45] is misplaced, inappropriately conclusory, factually unsupported, and insufficient to defeat dismissal.[46]  A court need not accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint,[47] and bare conclusions of law – or sweeping and unwarranted averments of fact – are not deemed admitted for purposes of a motion to dismiss.[48]  Therefore, because Plaintiffs' Complaint fails to allege acts by the District that demonstrate a policy or custom reflecting deliberate indifference *in this case*, Plaintiffs' Complaint must be dismissed against the District with prejudice.

## II.  PLAINTIFFS' COMPLAINT FAILS TO STATE TORT CLAIMS AGAINST THE DISTRICT.

Plaintiffs' Complaint alleges that the District is directly liable to Plaintiffs under the

---

[43] *See id*. at 390.
[44] *See* Plaintiffs' Response at 9-10.
[45] *See* Plaintiffs' Complaint at ¶11.
[46] *See Gabriel*, 211 F.Supp.2d at 139 ("a plaintiff must do more than allege in a conclusory fashion that a defendant was deliberately indifferent.").
[47] *See Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).
[48] *See Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

1757253.1

theory of negligent hiring and supervision and vicariously liable for the rape committed by individuals who were not employees of the District.  As stated in the District's Motion to Dismiss, the Restatement (Second) of Agency § 219 (1958) provides the circumstances under which a principal is liable for the acts of its agent.  Thus, Plaintiffs must allege facts showing that a principal-agent relationship existed and the agent's negligent act occurred within the scope of the relationship.[49]  Although Plaintiffs argue that 24 D.C. Code § 211.02 and the U.S. Constitution imposes a duty on the District to ensure humane treatment of its prisoners, Plaintiffs' Complaint fails to allege facts supporting that the District failed in its duties.  Instead, Plaintiffs alleges that: (1) CCA hired, trained and supervised the alleged rapists; (2) CCA was responsible for hiring, training and supervising the alleged rapists; and (3) CCA failed to use appropriate psychological screening tools to screen potential employees as to prevent rape, sexual misconduct, and assault by its staff.[50]  These allegations all point to the actions of CCA, not the District.  Specifically, there is no dispute in the facts alleged by Plaintiffs that the District did *not* hire, train or supervise the CCA correctional officers who allegedly raped the Plaintiffs.  Rather, these were the sole function of CCA.  Moreover, although Plaintiffs allege in their Response that the District failed to exercise reasonable care in the supervision of CCA, Plaintiffs cannot assert allegations not present in their Complaint in a Response to defeat a motion to dismiss.  Accordingly, because Plaintiffs fail to connect the District to acts committed by non-District employees, Plaintiffs' negligent hiring and supervision, rape, assault and battery claims must be dismissed against the District with prejudice.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs' Complaint fails to state a claim against the

---

[49] *See Giles v. Shell Oil Corp.*, 487 A.2d 610, 611 (D.C. 1984).
[50] *See* Plaintiffs' Complaint at 11-12, 15-16.

1757253.1

District of Columbia. Accordingly, Defendant District of Columbia, through counsel, hereby request that this Honorable Court grant its Motion to Dismiss and dismiss Defendant District of Columbia from this action.

Dated: April 2, 2007

By:     s/ Daniel P. Struck
Daniel P. Struck, DC Bar No. CO0037
Jennifer L. Holsman, DC Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Facsimile:   (602) 263-1784

Paul J. Maloney, DC Bar No. 362533
Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036
Telephone:     (202) 310-5500
Facsimile:      (202) 310-5555
Attorneys for Defendants, *Corrections Corporation of America and District of Columbia*

ORIGINAL of the foregoing
E-filed this 2nd day of April, 2007.

By      s/ Carol S. Madden

- 10 -

1757253.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, a copy of the foregoing Defendant District of Columbia's Reply Memorandum in Support of its Motion To Dismiss was served by First Class U.S. Mail on the following parties:

Thomas C. Hill
Ashley McDonald
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N. Street, N.W.
Washington, D.C. 20037-1128
*Attorneys for Plaintiffs*

Philip Fornaci
Deborah M Golden
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
 and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
*Attorneys for Plaintiffs*

District of Columbia
c/o Shana L. Frost, Assistant Attorney General
441 4th St., NW 6S051
Washington, DC 20001
*Attorneys for Defendant District of Columbia*

Dwight Murray
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Avenue., N.W.
Suite 600
Washington, D.C. 20026
*Attorney for Defendants McKnight and Gant*


          s/   Carol S. Madden
_____

1757253.1