# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE <br><br> and <br><br> JANE ROE, <br><br>     Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> and <br><br> CORRECTIONS CORPORATION OF AMERICA, INC., <br><br> and <br><br> ELRY MCKNIGHT, <br><br> and <br><br> JOHN GANT, <br><br>     Defendants. | 1:06-cv-02203 (ESH) |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Plaintiffs expect to produce documents and other items during the course of this litigation that may contain confidential information regarding Plaintiffs' location or contact information or medical or mental health treatment or records. In addition, Plaintiffs expect to produce documents or other items that contain Plaintiffs' identifying information, relating to Plaintiffs' true identities. Plaintiffs want to ensure that this information remains confidential and that no party to this action makes this information public to individuals or entities that are not involved in this action.

1755533.1

Accordingly, Plaintiffs and Defendants agree that the procedures detailed in the Proposed Protective Order ("the Agreement") will be adopted in this case. The Agreement is attached as Attachment A.

Plaintiffs move for the entry of the enclosed Protective Order, which contains all of the terms of the Agreement between the parties.

DATED:  April 9, 2007                                       Respectfully submitted,


/s/ Ashley McDonald
Thomas C. Hill
Ashley McDonald
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Telephone:    (202) 663-8000

Philip Fornaci
Deborah M Golden
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
   and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>  and<br>JANE ROE,<br>             Plaintiffs,<br>v.<br>DISTRICT OF COLUMBIA,<br>  and<br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br>  and<br>ELRY MCKNIGHT,<br>  and<br>JOHN GANT,<br>             Defendants. | 1:06 cv 02203 (ESH) |

### PROPOSED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures shall govern the litigation of the above-captioned action (the "lawsuit") between Plaintiffs Jane Doe and Jane Roe ("Plaintiffs"); Defendants District of Columbia, Corrections Corporation of America, Inc., Elry McKnight, and John Gant (collectively, "Defendants"); and any other Plaintiffs, Defendants, third-parties, intervenors, or parties to this action:

1. "Confidential Information" as used in this Protective Order (the "Order") shall mean any documents, testimony, or material relating to Plaintiffs' location or contact information, including but not limited to information relating to Plaintiffs' present domicile or contact information as of the date the documentation is obtained, which include current addresses

1763638.1

and current phone numbers. In addition, "Confidential Information" as used in this Order shall mean any documents, testimony, or material related to any medical or mental health treatment or records of the Plaintiffs.

2. Confidential Information shall only be disclosed in good faith for purposes of prosecuting or defending this action, and only to:

(a) Defendants' attorneys and the employees of attorneys associated with the law firms or organizations that enter appearances in this action; or

(b) Experts, consultants, or assistants retained or employed by any party for the purposes of this action; or

(c) The Court in this action, or any other court having jurisdiction over this action, and any court reporter or typist recording or transcribing testimony in this action and any outside, independent reproduction firm.

(d) Custodian of Records for documents received.

(e) The Office of the Attorney General for the District of Columbia and staff who supervise or monitor this litigation or assist in obtaining documents.

(f) General Counsel for CCA and staff who monitor this litigation and assist in obtaining documents.

3. Each person to whom Confidential Information is revealed, discussed, or disclosed shall be instructed, orally or in writing, not to disclose any Confidential Information to any other person not entitled to receive disclosure of such Confidential Information under the provisions of the Protective Order and to use the Confidential Information solely for the purposes appropriate to his or her participation in connection with this lawsuit.

4. "Identifying Information" as used in this Order shall mean any documents, testimony, or material relating to Plaintiffs' true identities, including documents or material

containing Plaintiffs' names or other identifying information. Identifying Information and materials containing Identifying Information shall be not be used or disclosed except as necessary in good faith to prosecute or defend this action.

5. Any Confidential Information or Identifying Information filed with the Court shall be filed under seal in accordance with LCvR 5.1(j).

6. The provisions identified in paragraphs 4 and 5 have been agreed to by the Defendants as a measure of good faith and in attempt to amicably resolve this case. Defendants, however, will agree to allow the Plaintiffs to proceed under pseudonym only until the initial mediation occurs. The Defendants do not waive their right to object to Plaintiffs' use of pseudonyms and do not believe that the Plaintiffs have met the threshold requirements to proceed under pseudonym and will review their objection to the use thereof, should the case not be resolved at the early mediation.

7. At the conclusion of this action, including any appeals, all Confidential Information and/or Identifying Information furnished pursuant to the terms of this Order, any notes taken from said Confidential Information and/or Identifying Information, and all copies thereof, which are not in the custody of the Court or were not already in the parties' possession during this litigation, or are included in documents prepared in the ordinary course and scope by the District of Columbia or CCA, shall be returned to the party furnishing said Confidential Information and/or Identifying Information or destroyed (and certified by affidavit or declaration as having been destroyed) by the party in possession thereof.

**AGREED TO by counsel for the parties:**

DATED: April 9, 2007

*/s/ Ashley McDonald*
Thomas C. Hill
Ashley McDonald
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Telephone:   (202) 663-8000

Philip Fornaci
Deborah M Golden
D.C. Prisoners' Project
Washington Lawyers' Committee for Civil Rights
   and Urban Affairs
11 Dupont Circle, Suite 400
Washington, D.C. 20036
Counsel for Plaintiffs

DATED: April 9, 2007

*/s/ Jennifer Holsman*
Daniel P. Struck, DC Bar No. CO0037
Jennifer L. Holsman, DC Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone:   (602) 263-1700
Facsimile:   (602) 263-1784

Paul J. Maloney, DC Bar No. 362533
  Colleen Durbin, DC Bar No. 500039
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036
Telephone:   (202) 310-5500
Facsimile:   (202) 310-5555
Counsel for Defendants, Corrections Corporation of
        America and District of Columbia

DATED: April 9, 2007

*/s/ Dwight Murray*
Dwight Murray
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Avenue., N.W.
Suite 600
Washington, D.C. 20026
Telephone: (202) 296-4747
Attorney for Defendants McKnight and Gant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE<br>and<br>JANE ROE,<br>   Plaintiffs,<br><br>   v.<br><br>DISTRICT OF COLUMBIA,<br>and<br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br>and<br>ELRY MCKNIGHT,<br>and<br>JOHN GANT,<br>   Defendants. | 1:06-cv-02203 (ESH) |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following procedures shall govern the litigation of the above-captioned action (the "lawsuit") between Plaintiffs Jane Doe and Jane Roe ("Plaintiffs"); Defendants District of Columbia, Corrections Corporation of America, Inc., Elry McKnight, and John Gant (collectively, "Defendants"); and any other Plaintiffs, Defendants, third-parties, intervenors, or parties to this action:

1.   "Confidential Information" as used in this Protective Order (the "Order") shall mean any documents, testimony, or material relating to Plaintiffs' location or contact

information, including but not limited to information relating to Plaintiffs' present domicile or contact information as of the date the documentation is obtained, which include current addresses and current phone numbers. In addition, "Confidential Information" as used in this Order shall mean any documents, testimony, or material related to any medical or mental health treatment or records of the Plaintiffs.

        2.      Confidential Information shall only be disclosed in good faith for purposes of prosecuting or defending this action, and only to:

        (a)      Defendants' attorneys and the employees of attorneys associated with the law firms or organizations that enter appearances in this action; or

        (b)      Experts, consultants, or assistants retained or employed by any party for the purposes of this action; or

        (c)      The Court in this action, or any other court having jurisdiction over this action, and any court reporter or typist recording or transcribing testimony in this action and any outside, independent reproduction firm.

        (d)      Custodian of Records for documents received.

        (e)      The Office of the Attorney General for the District of Columbia and staff who supervise or monitor this litigation or assist in obtaining documents.

        (f)      General Counsel for CCA and staff who monitor this litigation and assist in obtaining documents.

        3.      Each person to whom Confidential Information is revealed, discussed, or disclosed shall be instructed, orally or in writing, not to disclose any Confidential Information to any other person not entitled to receive disclosure of such Confidential Information under the

provisions of the Protective Order and to use the Confidential Information solely for the purposes appropriate to his or her participation in connection with this lawsuit.

      4.    "Identifying Information" as used in this Order shall mean any documents, testimony, or material relating to Plaintiffs' true identities, including documents or material containing Plaintiffs' names or other identifying information. Identifying Information and materials containing Identifying Information shall be not be used or disclosed except as necessary in good faith to prosecute or defend this action.

      5.    Any Confidential Information or Identifying Information filed with the Court shall be filed under seal in accordance with LCvR 5.1(j).

      6.    The provisions identified in paragraphs 4 and 5 have been agreed to by the Defendants as a measure of good faith and in attempt to amicably resolve this case. Defendants, however, will agree to allow the Plaintiffs to proceed under pseudonym only until the initial mediation occurs. The Defendants do not waive their right to object to Plaintiffs' use of pseudonyms and do not believe that the Plaintiffs have met the threshold requirements to proceed under pseudonym and will review their objection to the use thereof, should the case not be resolved at the early mediation.

      7.    At the conclusion of this action, including any appeals, all Confidential Information and/or Identifying Information furnished pursuant to the terms of this Order, any notes taken from said Confidential Information and/or Identifying Information, and all copies thereof, which are not in the custody of the Court or were not already in the parties' possession during this litigation, or are included in documents prepared in the ordinary course and scope by the District of Columbia or CCA, shall be returned to the party furnishing said Confidential

Information and/or Identifying Information or destroyed (and certified by affidavit or declaration as having been destroyed) by the party in possession thereof.

        ORDERED:

Date:_____          _____
                                                     The Honorable Ellen S. Huvelle
                                                      United States District Judge