IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe, <br><br> Plaintiff, <br><br> v. <br><br> District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant, <br><br> Defendant. | Civil Action No. 1:06-cv-02203 |

## JOINT MOTION FOR PROTECTIVE ORDER

Defendants Corrections Corporation of America ("CCA"), the District of Columbia, Elry McKnight and John Gant (collectively "Defendants"), expect to produce documents and other items during the course of this litigation that may contain financial, pricing and contractual information, confidential information regarding the security of a CCA or District facility, or personal information relating to current or former CCA personnel or current or former inmates (other than Plaintiffs). Defendants contend that in the regular course of discovery, it may be necessary to disclose such information to the lawyers, expert and other witnesses, and/or the Court. Defendants want to ensure that this information remains confidential and that no party to this action makes this information public to individuals or entities that are not involved in this action.

Accordingly, Plaintiffs and Defendants agree that the following procedures will be adopted for the protection of Confidential Information:

1.      **Production of Documents Containing Confidential Information.** "Confidential Information" for purposes of this protective order shall mean documents containing financial, pricing, or contractual information within the scope of Federal Rule of Civil Procedure 26(c)(7), including but not limited to post orders, hazardous materials policy, the tool control policy, grievance logs, monitoring reports, contraband policies, Plaintiffs' disciplinary reports, and diagrams, maps or other depictions of the area where Plaintiffs were allegedly injured, as well as confidential information relating to the security of a CCA or District facility and personal information relating to current or former CCA employees, or relating to or identifying current or former inmates (other than Plaintiffs), the disclosure of which might invade those employees' or inmates' privacy. Defendants shall produce documents containing Confidential Information and other items unredacted to Plaintiffs. The producing party may designate such documents as Confidential Information under this Protective Order in the manner set forth in Paragraph 2, below, prior to producing them to Plaintiffs.

2.      **Designation of Material Subject to this Protective Order.** To designate as confidential material covered by this Protective Order, Defendants shall so designate, on the material itself, in an accompanying cover letter, on a diskette or videotape cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

3.      **Access to Confidential Information.** Unless otherwise provided in this Order or by the Court, access to Confidential Information shall be restricted to the Court, its officers, parties, and to the following counsel and witnesses:

>   a.      Attorneys for any party to this action, including their paralegals and other employees.

    b.  Testifying or consulting expert witnesses.

    c.  Fact witnesses, other than current or former inmates and their relatives.

Any attorney or witness to whom Confidential Information is disclosed will be furnished with a copy of this Protective Order and will be subject to the Order.

Confidential Information containing address or contact information for former or current CCA employees will not be disclosed to Plaintiffs (with the exception of their attorneys and their personnel) or to any other present or former inmate. Such information will be produced with the label: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER – COUNSEL AND EXPERTS' EYES ONLY." Confidential Information so labeled shall not be disclosed to Plaintiffs or to any other present of former inmate.

    4.  **Confidential Information in Depositions.** Plaintiffs and Defendants may show deponents documents designated as "Confidential Information."

Defendants may, within 30 business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Such Confidential Information within the deposition transcript may be designated by underlying the portions of the pages that contain the Confidential Information and marking such pages with the following: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.

If Defendants fail to timely designate Confidential Information in a deposition, then none of the transcript or it exhibits will be treated as Confidential Information. If a timely designation

is made, the portions, including exhibits, containing Confidential Information shall be filed under seal separate from the portions and exhibits not so marked.

    5. **Confidential Information in Open Court.** The procedure for use of documents designated as Confidential Information during any hearing or the trial of this matter shall be as follows:

      a. The court reporter will be directed to bind those portions of the transcript containing Confidential Information separately. This request will be made on the record whenever practical.

      b. The cover of any portion of a transcript that contains testimony or documentary evidence that has been designated Confidential Information will be prominently marked with the legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

      c. All portions of the transcripts designated as Confidential Information will be sealed and will not be disseminated except to the persons identified in Paragraph 3.

    6. **Filing of Documents.** All pleadings that contain Confidential Information shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the Court. The unredacted version will be filed in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, and the legend. "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

7. **Challenging a Designation of Confidentiality.** If a non-producing party disputes the validity of a confidentiality designation, the party claiming confidentiality shall file a motion, within 10 business days from the date it receives written notice of the dispute, seeking a protective order; otherwise the claim of confidentiality shall be deemed waived. The party claiming confidentiality shall have the burden of proof on any such motion.

8. **Conclusion of this Litigation.** Within 90 days of the final conclusion of this litigation, Plaintiffs shall return all documents designated Confidential Information pursuant to this Order and all copies, as well as all notes, memoranda, summaries, or other documents containing information from documents designated Confidential Information, to counsel for Defendants or shall destroy them and certify in writing to counsel for Defendants that the documents have been destroyed.

9. The parties reserve the right to seek leave of court for any modification of this Order.

SO STIPULATED:                                                  Dated: May 24, 2007

PILLSBURY WINTHROP SHAW PITTMAN, LLP                            JONES, SKELTON & HOCHULI, P.L.C.

/s/ Jennifer L. Holsman (for)                                   /s/Jennifer L. Holsman
Thomas C. Hill, Bar No.. 242974                                 Daniel P. Struck, Bar No. CO00337
Ashley McDonald, Bar No. 486054                                 Jennifer L. Holsman, Bar No. 495296
2300 N. Street, N.W.                                            2901 North Central Avenue, Suite 800
Washington, D.C. 20037-1128                                     Phoenix, Arizona 85012
*Attorneys for Plaintiffs*                                      Telephone:     (602) 263-7310
Telephone:     (202) 663-8000                                   Facsimile:     (602) 200-7858
Facsimile:
*Attorney for Plaintiffs*

DISTRICT OF COLUMBIA

/s/Jennifer L. Holsman (for)
Shana L. Frost, Bar No. 458021
Assistant Attorney General
441 4th St., NW 6S051
Washington, DC 20001
Telephone:     (202) 724-6534
Facsimile:     (202) 727-3625

*Attorneys for Defendant District of Columbia*

JORDAN COYNE & SAVITS, L.L.P.


/s/Jennifer L. Holsman (for)
Dwight Murray, Bar No. 2289323
1100 Connecticut Avenue., N.W.
Suite 600
Washington, D.C. 20026
Telephone:     (202) 296-4747]

*Attorney for Defendants McKnight and Gant*

CARR MALONEY, P.C.
Paul Maloney, Bar No. 632533
Colleen Durbin, Bar No. 500039
1615 L Street, Suite 500
Washington, D.C. 20036
Telephone:     (202) 310-5500
Facsimile:     (202) 310-5555

*Attorneys for Defendants District of Columbia and CCA of Tennessee, LLC, John Caulfield*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 24th day of May, 2007 a true and accurate copy of

Joint Motion For Protective Order the foregoing, postage prepaid, on the following parties:

    Thomas C. Hill
    Ashley McDonald
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    2300 N. Street, N.W.
    Washington, D.C. 20037-1128
    *Attorneys for Plaintiffs*

    Philip Fornaci
    Deborah M Golden
    D.C. Prisoners' Project
    Washington Lawyers' Committee for Civil Rights
       and Urban Affairs
    11 Dupont Circle, Suite 400
    Washington, D.C. 20036
    *Attorneys for Plaintiffs*

    District of Columbia
    c/o Shana L. Frost, Assistant Attorney General
    441 4th St., NW 6S051
    Washington, DC 20001
    *Attorneys for Defendant District of Columbia*

    Dwight Murray
    Jordan Coyne & Savits, L.L.P.
    1100 Connecticut Avenue., N.W.
    Suite 600
    Washington, D.C. 20026
    *Attorney for Defendants McKnight and Gant*
    *Attorney for Defendants McKnight and Gant*

                                /s/ Jennifer L. Holsman_____

1782937.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>    Defendant. | Civil Action No. 1:06-cv-02203 |

## PROTECTIVE ORDER

Upon stipulation by the parties, and pursuant to the terms of the attached Stipulated Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

1. "Confidential Information" for purposes of this protective order shall mean documents containing financial, pricing, or contractual information within the scope of Federal Rule of Civil Procedure 26(c)(7), including but not limited to post orders, hazardous materials policy, the tool control policy, grievance logs, monitoring reports, contraband policies, Plaintiffs' disciplinary reports, and diagrams, maps or other depictions of the area where Plaintiffs were allegedly injured, as well as confidential information relating to the security of a CCA or District facility and personal information relating to current or former CCA employees, or relating to or identifying current or former inmates (other than Plaintiffs), the disclosure of which might invade those employees' or inmates' privacy. CONFIDENTIAL INFORMATION further means any document or

    tangible thing, electronic recordings or transcripts of oral testimony whether or not made under oath, and the content of such document, thing, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in FED. R. CIV. P. 26(c)(7)) or confidential personal information.  CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies or summarizes matter that any party considers confidential.  Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

2.    By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intracorporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties will make available certain of their files and other information and data for inspection by opposing counsel pursuant to agreement and subpoena (files and information that contain confidential as well as non-confidential material) and that, following this inspection, opposing counsel will designate documents to be copied and produced.  At the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION.  Only documents marked as CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER will be subject to this Protective Agreement and the Court's Protective Order.  Documents subject to this Agreement will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 8.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

   (a) The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately.  This request will be made on the record whenever possible.

   (b) The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**.

All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 7.

5. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court. Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently market with the caption of this case, the identity of the party filing the envelope, and the notation

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE**
**CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,**
**EXCEPT BY COURT ORDER**

6. Unless otherwise provided in this Order or by the Court, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, parties, and to the following counsel and witnesses:

> Attorneys in this action or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order. Finally, fact witnesses, other than current or former inmates and their relatives.

CONFIDENTIAL INFORMATION containing address or contact information concerning former or current CCA employees will not be disclosed to Plaintiffs (with the exception of their attorneys and personnel) or to any other present or former inmate. Moreover, if Defendants are requested to produce other confidential information that they believe should not be disclosed to the Plaintiffs or to any other present or former inmate, counsel for the parties will confer to discuss the issue. If counsel for Plaintiffs agree, Defendants will produce the information with the label: "CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER/COUNSEL AND EXPERTS' EYES ONLY." Confidential information so labeled shall not be disclosed to Plaintiffs or to any other present or former inmate. If counsel cannot reach an agreement on the issue, the parties may take such steps as are appropriate to resolve the dispute.

7. If Plaintiffs' counsel or experts are required by law or court order to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 6, the name of that person or entity will be furnished to CCA's office of the General Counsel as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

8. If, upon completion of this litigation, Plaintiffs' counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiffs' counsel must first request in writing permission from the Office of the General Counsel of CCA. The request must be made in sufficient time (not less than two weeks) for CCA to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit.

9. Counsel for various parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

10. Upon completion of the litigation, counsel and their experts shall return to the producing party any CONFIDENTIAL INFORMATION produced in this action, subject to Paragraph 8.

11. Nothing in this Protective Agreement precludes Plaintiffs or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

12. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

13. The parties reserve the right to seek leave of court for any modification of this Order.

Date: _____

                                           The Honorable Ellen S. Huvelle
                                           United States District Judge

1782945.1