IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>    Plaintiff,<br><br>  v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>    Defendant. | Civil Action No. 1:06-cv-02203 ESH |

**DEFENDANTS DISTRICT OF COLUMBIA AND CORRECTIONS CORPORATION OF AMERICA'S *AMENDED* RENEWED OBJECTION TO PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM**

  Defendants District of Columbia ("District") and Corrections Corporation of America ("CCA"), through counsel, submit this Amended Renewed Objection to Plaintiffs' Motion to Proceed Under Pseudonym and request that the Motion be denied. Counsel for Defendants Gant and McKnight have no objection to the filing of this Motion. Counsel for the Plaintiffs failed to respond to correspondence requesting their consent to this Motion, and therefore object.

  Defendants respectfully request that Plaintiffs' Motion to Proceed Under Pseudonym be denied as follows:

  (1) Plaintiffs made a decision to initiate this litigation against Defendants and should not be allowed to hide behind a cloak of anonymity;

  (2) Plaintiffs' identities have already been disclosed as a result of FOIA requests, letters from Plaintiffs' counsel, the Notices of Claim, comments made by one of the Plaintiffs in open court during her sentencing hearing, as well as CCA and police investigations identifying each Plaintiff by name;

(3) Should the Court allow the Plaintiffs to proceed as Doe or Roe, Defendants will be prejudiced by the inference of wrongdoing by the Defendants, and

(4) Plaintiffs' use of fictitious names is contrary to the public's common law right of access to judicial proceedings and FED.R.CIV.P. 10(a).

(5) Each Plaintiff has spoken with dozens of people about their allegations against the Defendants, including inmates, friends, attorneys, CCA and District of Columbia staff and a Washington Post reporter.

This Motion is supported by the attached Amended Statement of Points and Authorities.[1]

Respectfully submitted,

Dated: November 1, 2007

By     /s/ Jennifer L. Holsman
Daniel P. Struck (DC Bar No. CO0037)
Jennifer L. Holsman (DC Bar No. 495296)
Rachel Love, AZ Bar No. 019881
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:     (602) 263-1700
Facsimile: (602) 263-1784

Paul J. Maloney (DC Bar No. 362533)
Mariana D. Bravo (DC Bar No. 473809)
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036
Telephone:     (202) 310-5500
Facsimile:     (202) 310-5555
Attorneys for Defendants, *Corrections Corporation of America and District of Columbia*

Foregoing filed *electronically*
this 1st day of November, 2007.

/s/ Jennifer L.  Holsman

---

[1] Defendants are filing all exhibits to the Amended Statement of Points and Authorities under seal pursuant to this Court's April 10, 2007 Protective Order [dkt. #28].

CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2007, a copy of Defendants District of Columbia and Corrections Corporation of America's Renewed Objection to Plaintiffs' Motion to Proceed Under Pseudonym was served by First Class U.S. Mail on the following parties:

    Thomas C. Hill
    Ashley McDonald
    Ellen Cohen
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    2300 N. Street, N.W.
    Washington, D.C. 20037-1128
    *Attorneys for Plaintiffs*

    Philip Fornaci
    Deborah M Golden
    D.C. Prisoners' Project
    Washington Lawyers' Committee for Civil Rights
       and Urban Affairs
    11 Dupont Circle, Suite 400
    Washington, D.C. 20036
    *Attorneys for Plaintiffs*

    District of Columbia
    c/o Shana L. Frost, Assistant Attorney General
    441 4th St., NW 6S051
    Washington, DC 20001
    *Attorney for Defendant District of Columbia*

    Dwight Murray
    Jordan Coyne & Savits, L.L.P.
    1100 Connecticut Avenue., N.W.
    Suite 600
    Washington, D.C. 20026
    *Attorney for Defendants McKnight and Gant*

    Paul J. Maloney, Esq.
    Mariana D. Bravo, Esq.
    CARR MALONEY, P.C.
    1615 L Street, N.W., Suite 500
    Washington, DC  20036
    Attorneys for *District of Columbia and Corrections Corporation of America*

                             _____/s/ Jennifer L. Holsman_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe, <br><br> Plaintiff, <br><br> v. <br><br> District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant, <br><br> Defendant. | Civil Action No. 1:06-cv-02203 ESH |

<u>*AMENDED* STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA AND CORRECTIONS CORPORATION OF AMERICA'S *AMENDED* RENEWED OBJECTION TO PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM</u>

Defendants District of Columbia ("District") and Corrections Corporation of America ("CCA"), through counsel, submit this Amended Renewed Objection to Plaintiffs' Motion to Proceed Under Pseudonym and request that the Motion be denied. Defendants' Motion is supported by the following Amended Statement of Points and Authorities.

I.      <u>FACTUAL AND PROCEDURAL BACKGROUND.</u>

Plaintiffs filed a Motion to Proceed Under Pseudonym as "Jane Doe" and "Jane Roe" on December 12, 2006, simultaneous with the filing of their Complaint. Plaintiffs asserted that their need for anonymity was because they "are alleging in this case that they each were sexually assaulted by correctional officers at the Correctional Treatment Facility (CTF). Each will suffer further humiliation, embarrassment, derision in the community, and possibly physical danger, if her true identity is released to the public." The Court granted Plaintiffs' Motion on December 14, 2006, until further order of the Court.

On March 26, 2007, Defendants filed a Motion to Reconsider this decision. The Motion was discussed in Court during the April 2, 2007, Scheduling Conference and the parties were

1740110.1

asked to resolve the issues related to proceeding in pseudonym and provide the Court with a status on April 11, 2007. The parties, at that time, agreed to proceed in pseudonym through the end of settlement discussions and to raise this issue with the Court should the case not be resolved in an early mediation.

The parties participated in settlement discussions with Judge Kay on July 10 and October 1, 2007. This matter has not been resolved and it is anticipated that discovery will proceed in an expeditious manner. Accordingly, Defendants respectfully request that the Court Order that Plaintiffs proceed under their true identities.

## II.   LEGAL ARGUMENT.

There is no legal or other justifiable basis for allowing the Plaintiffs to proceed in pseudonym. First, the Plaintiffs initiated this litigation against the Defendants of their own accord. Yet, prior to the filing of the lawsuit, Plaintiff Doe met with Carol Leonnig, a reporter for the Washington Post.[1] As a result of that conversation, a newspaper article, for which Plaintiff Doe provided an interview and was quoted throughout, appeared in the Washington Post the same day that this lawsuit was filed against the Defendants.[2] Although the District, CCA and Defendants McKnight and Gant were each identified, the Plaintiffs have been able to shield themselves from any media coverage. This is inherently unfair and has allowed the Defendants to be targeted and persecuted in the community. As a result of Plaintiffs' decision to file this lawsuit, Plaintiffs should not now be allowed to hide behind a cloak of anonymity.[3]

---

[1] *See* Plaintiffs' Responses to Defendants CCA and D.C.'s Non-Uniform Interrogatories No. 10 at 25 (Exhibit A hereto). Defendants are filing all exhibits to the Statement of Facts under seal pursuant to this Court's April 10, 2007 Protective Order [dkt. #28]. According to Plaintiffs' recent discovery responses, Plaintiff Roe also met with Ms. Leonnig. *See, id.* at 27.

[2] *See* newspaper article, attached hereto as Exhibit B.

[3] *See*, *United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995): ("Although it is within the discretion of the district court to grant the 'rare dispensation' of anonymity against the world (but not the plaintiff), even in that situation the court has a 'judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.' *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). As part of this inquiry, the court

Second, Plaintiffs have not kept their identities or their intention to file a lawsuit "private" in this case. Each Plaintiff filed a FOIA request which identified them by name.[4] Plaintiffs' counsel has identified their clients by name in correspondence to Defendants' Warden and which was copied to numerous individuals.[5] Each Plaintiff filed a Notice of Claim which identified them by name.[6] Each Plaintiff has had their claims investigated by the DC Metropolitan Police Department, in which there are "public" documents available. One of the Plaintiffs informed her sentencing judge of the alleged rape in open court.[7] CCA conducted an internal investigation into the allegations, which identified both Plaintiffs. Thus, the "horse is out of the barn" regarding the identity of the Doe and Roe Plaintiffs in this case. To protect their already well known identities from Defendants and Defendants' employees is, therefore, unnecessary.

Third, should the Court allow Plaintiffs to proceed as "Doe" and "Roe" in front of a jury, there will be an implication that the Court has made a determination of some type of wrongdoing by the Defendants based upon Plaintiffs' "protected status." Defendants are contesting that these incidents occurred in the first place. If the Court introduces Plaintiffs as "Doe" and "Roe" to the jury, the jurors will most likely believe that the Court has determined that they were sexually assaulted. As a result, Defendants will be severely prejudiced at trial if the Court allows Plaintiffs to continue this matter under pseudonyms.

---

should take into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." (internal citations omitted).

[4] *See* FOIA requests by the Plaintiffs, attached hereto as Exhibit C.

[5] *See* letter from Deborah Golden to Fred Figueroa dated June 27, 2002 attached as Exhibit D.

[5] *See, Doe v. Hartz*, 52 F.Sup.2d 1027 (N.D. Iowa 1999); *Doe v. Shaker*, 164 F.R.D. 359 (E.D. N.Y. 1996); *Doe v. Bell Atlantic Bus. Sys. Servs.,* 162 F.R.D. 418 (D. Mass. 1995); *Dos v. Univ. of Rhode Island*, 28 Fed.R.Srv.3d366 (D.R.I. Dec. 28 1993).

[6] *See* Declaration of Shana Frost regarding Plaintiffs' Notices of Claim, attached hereto as Exhibit E, as well as the Notice of Claim letter to Anthony Williams attached as Exhibit F.

[7] *See* Plaintiffs' Complaint, ¶ 57.

In addition, numerous courts have held that Plaintiffs should not be allowed to proceed under a pseudonym.[8] Indeed, the <u>only</u> reported decision cited by Plaintiffs in support of their Motion which addressed the issue of proceeding under a pseudonym is easily distinguished from the case at bar. In *Does I-XXIII v. Advanced Textile Corp.*,[9] the plaintiffs were 23 workers in Saipan's garment industry who were suing defendants for violations of the Fair Labor Standards Act. The plaintiffs were all non-residents of Saipan; either from the People's Republic of China or Bangladesh.[10] The Court, while noting that the "plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings,"[11] determined that the district court erred in failing to balance the need for anonymity against the general presumption that parties identities are public information and the risk of unfairness to the opposing party.[12] The 9th Circuit determined that the Plaintiffs' proffered evidence of retaliation regarding actual violence, threatened violence, deportation to China and arrest upon arrival in China, were sufficient to allow plaintiffs to proceed anonymously, although the court left the door open for defendants to renew their Motion to Dismiss.[13]

Here, Plaintiffs have not nearly the compelling arguments that the plaintiffs in *Advanced Textile* alleged. There is no likelihood of retaliation from Defendants, nor has any occurred. Other than Ms. Doe's concern that she would be embarrassed if her school-aged children find out about the allegation, the Plaintiffs have set forth no legitimate reason why they should be granted anonymity in this lawsuit.

---

[8] *See, Doe v. Hartz*, 52 F.Sup.2d 1027 (N.D. Iowa 1999); *Doe v. Shaker*, 164 F.R.D. 359 (E.D. N.Y. 1996); *Doe v. Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. 418 (D. Mass. 1995); *Doe v. Univ. of Rhode Island*, 28 Fed.R.Srv.3d366 (D.R.I. Dec. 28 1993).

[9] *Does I-XXIII v. Advanced Textile Corp.*, 214 F.3rd 1058 (9th Cir. 2000).

[10] *Id.* at 1063.

[11] *Id.* at 1067 citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 590-99 (1978).

[12] *Id.* at 1068.

[13] *Id.* at 1073.

1740110.1

Fourth, FED.R.CIV.P. 10(a) requires that a Complaint "include the name of all the parties."[14] In addition, the public has a right of access to judicial proceedings.[15] Plaintiffs here simply have not presented sufficient evidence or argument for the Court to grant the "rare dispensation of anonymity."[16]

Finally, in Plaintiffs' Responses to Defendants' Requests for Non-Uniform Interrogatories, the Plaintiffs were asked to provide the "names and contact information for each and every person with whom each Plaintiff discussed her alleged sexual assault and the date and substance of each conversation… ."[17] In the response, Plaintiffs' outlined family members, police officers, CCA and District of Columbia staff, a Judge, attorneys, counselors, a chaplain, cellmates, other inmates, boyfriends and the Washington Post Reporter. There appears to have been no attempt by the Plaintiffs to hide their alleged sexual assaults. Accordingly, the Plaintiffs cannot now attempt to hide behind claims that they are embarrassed, fear for their safety, or that "no one knows" about their allegations. Those type of claims are simply not accurate.

For the reasons outlined above, the Court should deny Plaintiff's Motion to Proceed Under Pseudonym.

## III.   CONCLUSION.

Defendants CCA and the District of Columbia respectfully request that the Court deny Plaintiffs Motion to Proceed Under Pseudonym, as the factors which might allow them to proceed anonymously simply do not outweigh the prejudice to Defendants and the presumption of public disclosure.

---

[14] FED.R.CIV.P. 10(a)

[15] *See, Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-599 (1978); *EEOC v. Erections Co., Inc.,* 900 F.2d 168, 169 (9th Cir. 1990)

[16] *See, James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993).

[17] *See* Exhibit A at 24-27.

1740110.1

- 6 -

Respectfully submitted,

Dated: November 1, 2007

By  /s/ Jennifer L. Holsman
   Daniel P. Struck (DC Bar No. CO0037)
   Jennifer L. Holsman (DC Bar No. 495296)
   Rachel Love, AZ Bar No. 019881
   JONES, SKELTON & HOCHULI, P.L.C.
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
   Telephone:     (602) 263-1700
   Facsimile: (602) 263-1784

   Paul J. Maloney (DC Bar No. 362533)
   Mariana D. Bravo (DC Bar No. 473809)
   CARR MALONEY, P.C.
   1615 L Street, N.W., Suite 500
   Washington, DC   20036
   Telephone:     (202) 310-5500
   Facsimile:     (202) 310-5555
   Attorneys for Defendants, *Corrections Corporation of America and District of Columbia*

Foregoing filed ***electronically*** this
1st day of November, 2007.

/s/ Jennifer L. Holsman

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, a copy of the foregoing Amended Statement of Points and Authorities in Support of Defendants District of Columbia and Corrections Corporation of America's Amended Renewed Objection To Plaintiffs' Motion To Proceed Under Pseudonym was served by First Class U.S. Mail on the following parties:

>Thomas C. Hill
>Ashley McDonald
>Ellen Cohen
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>2300 N. Street, N.W.
>Washington, D.C. 20037-1128
>*Attorneys for Plaintiffs*

>Philip Fornaci
>Deborah M Golden
>D.C. Prisoners' Project
>Washington Lawyers' Committee for Civil Rights
>   and Urban Affairs
>11 Dupont Circle, Suite 400
>Washington, D.C. 20036
>*Attorneys for Plaintiffs*

>District of Columbia
>c/o Shana L. Frost, Assistant Attorney General
>441 4th St., NW 6S051
>Washington, DC 20001
>*Attorney for Defendant District of Columbia*

>Dwight Murray
>Jordan Coyne & Savits, L.L.P.
>1100 Connecticut Avenue., N.W.
>Suite 600
>Washington, D.C. 20026
>*Attorney for Defendants McKnight and Gant*

>Paul J. Maloney (DC Bar No. 362533)
>Mariana D. Bravo (DC Bar No. 473809)
>CARR MALONEY, P.C.
>1615 L Street, N.W., Suite 500
>Washington, DC  20036
>Attorneys for *District of Columbia and Corrections Corporation of America*
>           /s/ Jennifer L. Holsman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe and Jane Roe,<br><br>        Plaintiff,<br><br>    v.<br><br>District of Columbia, Corrections Corporation of America, Elry McKnight and John Gant,<br><br>        Defendant. | Civil Action No. 1:06-cv-02203-ESH |

## ORDER

Upon consideration of the foregoing Amended Renewed Objection of Defendants, District of Columbia and Corrections Corporation of America to Plaintiffs' Motion to Proceed Under Pseudonym and the Amended Statement of Points and Authorities, it is hereby ORDERED this _____ day of _____, 2007, that the objection is SUSTAINED. It is further ORDERED that Plaintiff shall file an Amended Complaint setting forth the true identities of the Plaintiffs within fourteen (14) days of the date of this Order.

                                                Judge Ellen S, Huvelle
                                                United States District Court Judge

1740110.1